STATE OF RHODE ISLAND : SUPERIOR COURT
WASHINGTON, SC. :

MELISSA BELL : C.A. No: W 06-764

v.

LUBRICATION MANAGEMENT CO., INC. d/b/a Expressway Lube Center, WESTERLY FAST OIL, LLC and DAVID BAKER, Individually and in his capacity as District Manager for Lubrication Management Co., Inc.

**AMENDED COMPLAINT**

Plaintiff, Melissa Bell, hereby commences this action against Defendants and alleges:

1. Plaintiff invokes the jurisdiction of this Court pursuant to R.I.G.L. § 42-112-1, R.I.G.L. § 28-5-1 et seq., R.I.G.L. § 8-2-13, and R.I.G.L. § 8-2-14.

2. The actions complained of herein occurred in Rhode Island.

3. Plaintiff Melissa Bell (hereinafter "Plaintiff"), is a resident of Westerly, Rhode Island.

4. Defendant Lubrication Management Co., Inc. (hereinafter "Defendant Lubrication Management Co.") is a Rhode Island corporation that maintains a place of business in Westerly, Rhode Island. Defendant Lubrication Management Co. is an "employer" within the meaning of R.I.G.L. § 28-5-1 et seq.

5. Defendant Lubrication Management Co. is doing business in Westerly, Rhode Island under the name of Defendant Westerly Fast Oil, LLC. Defendant Westerly Fast Oil, LLC is an "employer" within the meaning of R.I.G.L. § 28-5-1 et seq.

6. Defendant David Baker (hereinafter "Defendant Baker"), held the supervisory position of District Manager with Defendant Lubrication Management Co., and at all times relevant hereto, exercised control over the terms and conditions of Plaintiff's employment, and within the meaning of R.I.G.L. § 28-5-6(6), is a person acting directly or indirectly in the interest of an employer.

7. From 1989 to 2000, Plaintiff worked at Pit Stop Lube Center, Inc. (hereinafter "Pit Stop") in Westerly, Rhode Island, an automobile service center, focusing on oil change service for automobiles. During this course of employment with Pit Stop Plaintiff completed two (2) successful pregnancies.

8. In 2000, Pit Stop was sold to Defendant Lubrication Management Co., which owns a chain of automobile service centers throughout New York, Connecticut and Rhode Island which focus on speedy oil changes, doing business under the name "Expressway Lube Center".

9. Defendant Lubrication Management Co. incorporated the newly acquired Westerly, Rhode Island store as Westerly Fast Oil, LLC (hereinafter "Defendant Westerly Fast Oil" and/or "the store"); however, the store was clearly part of the Expressway chain and also operated under the Expressway name.

10. After the sale of the store Plaintiff was promoted to the position of Manager and continuously worked in that capacity until August, 2004, when she left her employment with the Defendants because she wanted to focus her efforts on getting pregnant and because it was her understanding that the store had been sold to Jiffy Lube.

11. In December, 2004 Plaintiff returned to work for the Defendants at the Westerly store as the Manager. Plaintiff agreed to return to work as the Manager because she still had not yet become pregnant, and because she learned that the sale of the store to Jiffy Lube had not materialized.

12. When Plaintiff returned to work at the store Plaintiff was initially interviewed by David Baker, the new District Manger within the chain, and Plaintiff made it clear to Defendant Baker in that interview that she still wanted and hoped to become pregnant.

13. Plaintiff knew Defendant Baker prior to leaving the store in August, 2004, and made it clear to him during her exit interview that her reasons for leaving her employment with the Defendants at that time included a personal need to focus on getting pregnant.

14. It was common knowledge throughout the store and the chain that Plaintiff wanted to become pregnant.

15. On or about August 11, 2005, Plaintiff disclosed to Defendant Baker that she had finally become pregnant.

16. Defendant Baker immediately made it clear to Plaintiff that he was not happy that she had become pregnant, and that he had concerns that Plaintiff would not be able to fulfill her employment obligations due to her pregnancy.

17. After that conversation Defendant Baker embarked on a campaign of illegal harassment and discrimination toward Plaintiff because she had become pregnant. Prior to disclosing her pregnancy to Defendant Baker, Plaintiff had no personal or work related problems with Defendant Baker. After Plaintiff disclosed her pregnancy Defendant Baker treated her differently and subjected her to discriminatory terms and

conditions of employment because of her female gender and because of her pregnancy. Respondent Baker made offensive and inappropriate remarks about Plaintiff's pregnancy.

18. Despite Defendant Baker's illegal harassment and discrimination, Plaintiff continued to fully fulfill and perform the reasonable expectations and requirements of her employment.

19. During the course of her employment with the Defendants, Plaintiff's job performance always met or exceeded Defendants' legitimate expectations.

20. Early in Plaintiff's pregnancy Defendants made it clear to her that she was now perceived as being somehow incapable of fully performing the requirements of her employment because of her pregnancy.

21. Upon information and belief the Defendants engaged in a pattern and practice of pregnancy discrimination.

22. Upon information and belief Plaintiff was the only female within the Expressway chain that held the position of store Manager, and one of the only female employees of Defendant Lubrication Management Co. in a management position.

23. On or about October 13, 2005, Defendant Baker terminated Plaintiff's employment using the pretextual excuse that she placed the entire chain at risk when her husband briefly assisted the store by servicing a vehicle when he stopped by and saw that Plaintiff had a service backlog due to an unexpected staff scheduling problem.

24. Plaintiff believes that this reason for termination is pretextual because her husband had done this same sort of thing on numerous occasions in the past and this was known by and encouraged by management. Plaintiff's husband actually worked as the Assistant Manager of the Westerly store until August, 2004. After leaving for other employment, Plaintiff's husband periodically stopped into the store and performed brief service support to help out during busy times, and both Plaintiff's husband and step-father had both come to the store on numerous occasions when they were not technically employees of the store to provide gratuitous helpful services such as repairing broken items at the store from time to time. They came and performed these services both on their own accord and at the specific request of both employees and management. In fact, the Director of Operations of Defendant Lubrication Management Co., Inc. remarked to Plaintiff words to the effect: "It's good you have Powell [Plaintiff's husband] and your step-Dad to come help you if anything goes wrong."

25. From the time that Defendant Lubrication Management Co., Inc. purchased the Westerly store Plaintiff was always told as the Manager of the store that she must follow a strict progressive discipline policy with respect to all employees. The policy was to issue one (1) verbal warning plus three (3) written warnings prior to termination. The only exceptions to this policy were for serious infractions such as

stealing or using drugs on the premises. This policy was constantly reiterated to Plaintiff by Defendants' management team.

26. Plaintiff was terminated from her employment with Defendants because of her pregnancy and because once pregnant she was perceived as being somehow having become incapable of performing the duties of store Manager. Plaintiff was subjected to discriminatory terms and conditions of employment in that her continued employment with Defendants was conditioned upon her not becoming pregnant. Upon information and belief Plaintiff was replaced in my employment by a male.

27. Through correspondence from Plaintiff's counsel to defense counsel, a draft copy of this Charge of Discrimination was forwarded to the Defendants in an effort to secure an early resolution of this matter.

28. In retaliation for Plaintiff pursuing her legal rights, the Defendants contacted the Westerly Police Department and falsely accused Plaintiff of misappropriating company property, namely a portable air compressor.

29. As Plaintiff explained to the Westerly Police Department, although she did have the portable air compressor, she did not misappropriate it or anything else from the Defendants.

30. The air compressor was at Plaintiff's house because she borrowed it from the store with the knowledge and permission of Defendants, and then agreed to store it at her home thereafter due to lack of storage space in the basement of the store and the fact that it would have become filthy with oil residue if left at the store.

31. The compressor was purchased by the store to function as an emergency device for pumping oil into vehicles should the oil pumps fail, and was never intended to be used on a regular basis at the store.

32. Plaintiff's home was located within close proximity of the store and it was well known at the store that the compressor was at her home in case of emergency.

33. At the time of Plaintiff's termination the compressor had been at her home for so long that Plaintiff forgot that she had it until the Westerly Police Department came to her home and communicated Defendants' accusation to her that she had stolen the compressor.

34. The compressor remained at Plaintiff's house during the gap in her employment with the Defendants from August, 2004, when she voluntarily left her employment with the Defendants for an approximate four (4) month period without any mention of the item by the Defendants.

35. Had the Defendants simply reminded Plaintiff that she still had the compressor at her home and asked her to return it, either directly or through counsel, Plaintiff would have promptly returned the item.

36. Instead, in direct response to receipt of correspondence from Plaintiff's counsel regarding the discrimination complained of herein, and while in receipt of a draft Charge of Discrimination, the Defendants falsely accused me of stealing the compressor in direct retaliation against me for taking legal action to redress wrongful pregnancy discrimination.

37. In addition, with knowledge that I am presently approximately eight (8) months pregnancy, defense counsel contacted Plaintiff's counsel and advised her that Defendants were going to press criminal charges against me for "misappropriating" the compressor unless Plaintiff agreed to sign a release giving up her right to pursue legal action to redress the wrongful discrimination complained of herein.

38. In addition, defense counsel also made an allegation to Plaintiff's counsel that Plaintiff's husband had telephoned the store and made threats against an employee named "Alan", which were heard over a speakerphone by a conference room of people.

39. Plaintiff's husband has advised her that he never made any such telephone call, and Plaintiff believes that this accusation was an additional threat of criminal prosecution against her husband in order to retaliate against her for pursing legal action to redress the wrongful discrimination of the Defendants, and to pressure her with additional criminal prosecution of her husband during the eighth month of her pregnancy in a direct attempt to stop her from asserting her legal rights to redress Defendants' wrongful discrimination.

40. As a result of this discriminatory treatment Plaintiff has suffered and will continue to suffer pecuniary and compensatory damages and will continue to do so now and in the future, including, without limitation:

a. Severe and extreme emotional distress, with resulting personal physical injuries, physical sickness and other emotional injuries;

b. Adverse working conditions;

c. Loss of wages and employee fringe benefits;

d. Attorney's fees and related expenses.

41. The illegal conduct of each of the Defendants was motivated by malice or ill will and demonstrated reckless and callous indifference to Plaintiff's right to work in an environment free from unlawful employment discrimination and sexual harassment and entitles Plaintiff to an appropriate award of exemplary damages.

42. As a result of the discriminatory treatment that the Defendants each suffered upon the Plaintiff, each of the Defendants stands jointly and severally liable to Plaintiff for an appropriate award of pecuniary damages, compensatory damages and exemplary damages.

43. Plaintiff timely filed a Charge of Discrimination with the Rhode Island Commission for Human Rights and has otherwise satisfied all conditions precedent prior to timely commencing this action before this Court.

**COUNT I**
**VIOLATION OF R.I.G.L. § 28-5-7**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**(GENDER/PREGNANCY)**

44. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

45. Despite Plaintiff's performance of her assigned duties in a professional manner at all times during the course of her employment with the Defendants, Defendants unlawfully subjected Plaintiff to discriminatory terms and conditions of employment because of her female gender and pregnancy in violation of R.I.G.L. § 28-5-7.

46. Defendants purposefully and maliciously and without justification or excuse took the wrongful and intentionally discriminatory actions complained of herein and otherwise forced the Plaintiff to suffer discriminatory terms and conditions of employment because of Plaintiff's female gender and pregnancy in violation of R.I.G.L. § 28-5-7.

47. As a result of the course of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer severe and substantial pecuniary damages and compensatory damages and stands entitled to recover pecuniary damages, compensatory damages and exemplary damages.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT II**
**VIOLATION OF R.I.G.L. § 28-5-7**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**(PERCEIVED DISABILITY)**

48. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

49. Despite Plaintiff's performance of her assigned duties in a professional manner at all times during the course of her employment with the Defendants, Defendants unlawfully subjected Plaintiff to discriminatory terms and conditions of employment because of her perceived disability in violation of R.I.G.L. § 28-5-7.

50. Defendants purposefully and maliciously and without justification or excuse took the wrongful and intentionally discriminatory actions complained of herein and otherwise forced the Plaintiff to suffer discriminatory terms and conditions of employment because of Plaintiff's perceived disability in violation of R.I.G.L. § 28-5-7.

51. As a result of the course of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer severe and substantial pecuniary damages and compensatory damages and stands entitled to recover pecuniary damages, compensatory damages and exemplary damages.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT III**
**VIOLATION OF R.I.G.L. § 28-5-7**
**DISCRIMINATORY TERMINATION**

52. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

53. Despite Plaintiff's performance of her assigned duties in an exemplary and professional manner at all times during the course of her employment with Defendants, Defendants unlawfully terminated the Plaintiff's employment because of her female gender in violation of R.I.G.L. § 28-5-7.

54. Defendants purposefully and maliciously and without justification or excuse took the wrongful and intentionally discriminatory actions herein complained of in violation of R.I.G.L. § 28-5-7 because of Plaintiff's female gender.

55. As a result of this course of Defendant's discriminatory treatment, Plaintiff has suffered and will continue to suffer severe and substantial pecuniary and compensatory damages and stands entitled to recover pecuniary, compensatory and exemplary damages.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT IV**
**VIOLATION OF R.I.G.L. § 28-5-7(5)**
**ILLEGAL RETALIATION**

56. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

57. Defendants falsely accused the Plaintiff of misappropriating company property, namely an air compressor purchased for emergency use, because she was pursuing her legal right to redress the illegal discrimination suffered upon her by filing a Charge of Discrimination with the Rhode Island Commission for Human Rights.

58. When Plaintiff refused to give up her legal right to redress the wrongful discrimination suffered upon her by the Defendants, Defendants attempted unsuccessful to have her charge criminally for misappropriation of company property.

59. Defendants made further false accusations to Plaintiff's counsel alleging that her husband made threatening telephone calls to a store employee in a further effort to retaliate against her for pursing her legal right to redress the illegal discrimination suffered upon her by filing a Charge of Discrimination with the Rhode Island Commission for Human Rights.

60. Defendants purposefully and maliciously and without justification or excuse took the wrongful and intentionally discriminatory actions herein complained of in violation of R.I.G.L. § 28-5-7(5) because of Plaintiff was pursing her legal right to redress the illegal discrimination suffered upon her by filing a Charge of Discrimination with the Rhode Island Commission for Human Rights..

61. As a result of this course of Defendant's discriminatory treatment, Plaintiff has suffered and will continue to suffer severe and substantial pecuniary and compensatory damages and stands entitled to recover pecuniary, compensatory and exemplary damages.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT V**
**VIOLATIONS OF R.I.G.L. § 42-112-1**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**(GENDER/PREGNANCY)**

62. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

63. Despite Plaintiff's performance of her assigned duties in a professional manner at all times during the course of her employment with the Defendants,

Defendants unlawfully subjected Plaintiff to discriminatory terms and conditions of employment because of her female gender and pregnancy in violation of R.I.G.L. § 42-112-1.

64. Defendants purposefully and maliciously and without justification or excuse took the wrongful and intentionally discriminatory actions complained of herein and otherwise forced the Plaintiff to suffer discriminatory terms and conditions of employment because of Plaintiff's female gender and pregnancy in violation of R.I.G.L. § 42-112-1.

65. As a result of the course of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer severe and substantial pecuniary damages and compensatory damages and stands entitled to recover pecuniary damages, compensatory damages and exemplary damages.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT VI**
**VIOLATION OF R.I.G.L. § 42-112-1**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**(PERCEIVED DISABILITY)**

66. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

67. Despite Plaintiff's performance of her assigned duties in a professional manner at all times during the course of her employment with the Defendants, Defendants unlawfully subjected Plaintiff to discriminatory terms and conditions of employment because of her perceived disability in violation of R.I.G.L. § 42-112-1.

68. Defendants purposefully and maliciously and without justification or excuse took the wrongful and intentionally discriminatory actions complained of herein and otherwise forced the Plaintiff to suffer discriminatory terms and conditions of employment because of Plaintiff's perceived disability in violation of R.I.G.L. § 42-112-1.

69. As a result of the course of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer severe and substantial pecuniary damages and compensatory damages and stands entitled to recover pecuniary damages, compensatory damages and exemplary damages.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT VII**
**VIOLATIONS OF R.I.G.L. § 42-112-1**
**DISCRIMINATORY TERMINATION**

70. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

71. Despite Plaintiff's performance of her assigned duties in an exemplary and professional manner at all times during the course of her employment with Defendants, Defendants unlawfully terminated Plaintiff's employment with Defendants because of her female gender in violation of R.I.G.L. § 42-112-1.

72. Defendants purposefully and maliciously and without justification or excuse took the wrongful and intentionally discriminatory actions herein complained of in violation of R.I.G.L. § 42-112-1 because of Plaintiff's female gender.

73. As a result of this course of Defendant's discriminatory treatment, Plaintiff has suffered and will continue to suffer severe and substantial pecuniary and compensatory damages and stands entitled to recover pecuniary, compensatory and exemplary damages.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT VIII**
**VIOLATION OF R.I.G.L. § 42-112-1**
**ILLEGAL RETALIATION**

74. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

75. Defendants falsely accused the Plaintiff of misappropriating company property, namely an air compressor purchased for emergency use, because she was pursuing her legal right to redress the illegal discrimination suffered upon her by filing a Charge of Discrimination with the Rhode Island Commission for Human Rights.

76. When Plaintiff refused to give up her legal right to redress the wrongful discrimination suffered upon her by the Defendants, Defendants attempted unsuccessful to have her charge criminally for misappropriation of company property.

77. Defendants made further false accusations to Plaintiff's counsel alleging that her husband made threatening telephone calls to a store employee in a further effort to retaliate against her for pursing her legal right to redress the illegal discrimination suffered upon her by filing a Charge of Discrimination with the Rhode Island Commission for Human Rights.

78. Defendants purposefully and maliciously and without justification or excuse took the wrongful and intentionally discriminatory actions herein complained of in violation of R.I.G.L. § 42-112-1 because of Plaintiff was pursing her legal right to redress the illegal discrimination suffered upon her by filing a Charge of Discrimination with the Rhode Island Commission for Human Rights..

79. As a result of this course of Defendant's discriminatory treatment, Plaintiff has suffered and will continue to suffer severe and substantial pecuniary and compensatory damages and stands entitled to recover pecuniary, compensatory and exemplary damages.

WHEREFORE, Plaintiff prays for the relief requested herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

1. A finding declaring the Plaintiff as the prevailing party in this action;

2. A finding that each Defendant stands jointly and severally liable to make the Plaintiff whole for all damages suffered as a result of the wrongful acts and omissions alleged in each Count herein, including inter alia back pay, front pay, the value of lost fringe benefits and other pecuniary damages to be determined by a jury;

3. A permanent injunction against Defendants prohibiting future acts of gender/pregnancy discrimination, perceived disability discrimination, discriminatory terms and conditions of employment, retaliation and discriminatory termination against Plaintiff and similarly situated female employees;

4. A finding that each Defendant stands jointly and severally liable to Plaintiff for an appropriate award of compensatory damages for the wrongful acts alleged herein including, without limitation, Plaintiff's compensatory damages to be determined by a jury;

5. A finding that each Defendant stands jointly and severally liable to Plaintiff for an appropriate award of exemplary damages to punish Defendants' wrongful, malicious, intentional, purposeful, extreme, outrageous, wicked and wanton actions complained of herein that were motivated by malice, ill will, and a reckless or callous indifference to the statutorily protected rights of the Plaintiff to work in an environment free from blatant gender/pregnancy discrimination, perceived disability discrimination, discriminatory terms and conditions of employment, discriminatory termination and retaliation;

6. An Order declaring that the acts and practices complained of herein are in violation of the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act of 1990;

7. An Order enjoining and permanently restraining Defendants from further violations of the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Acts of 1990;

8. An Order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

9. An Order directing Defendants to place Plaintiff in the position she would have occupied but for Defendants' discriminatory treatment of her, and make her whole for all earnings she would have received but for Defendants' gender discrimination, discriminatory terms and conditions of employment, retaliation and discriminatory termination, including but not limited to, wages, employment benefits, and an Order requiring that Defendants reinstate the Plaintiff to an appropriate position;

10. A finding after judgment in Plaintiff's favor, that each Defendant stands jointly and severally liable to Plaintiff for an award of her reasonable attorney's fees, litigation costs and other costs of this action, together with a post-trial hearing to determine the amount of Plaintiff's reasonable attorney's fees taxable to the Defendants, along with a determination of the Plaintiff's litigation costs and expenses taxable to Defendants.

11. An appropriate award of pre-judgment interest on all sums recovered;

12. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

PLAINTIFF MELISSA BELL

By her Attorney,

N.K. Clapham

Noelle K. Clapham (6338)
Attorney at Law
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)

**JURY TRIAL DEMAND**

Plaintiff claims trial by jury on all issues triable by right to a jury. Noelle K. Clapham is hereby designated trial counsel.

N. K. Clapham
Noelle K. Clapham

Dated: 2/15/07