**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MELISSA BELL** | : | |
| **Plaintiff** | : | |
| | : | **C.A. No. 07-280S** |
| | : | |
| **LUBRICATION MANAGEMENT CO., INC.** | : | |
| **d/b/a Expressway Lube Center, WESTERLY** | : | |
| **FAST OIL, LLC and DAVID BAKER,** | : | |
| **Individually and in his capacity as District** | : | |
| **Manager for Lubrication Management Co., Inc.** | : | |
| **Defendants** | : | |

**MOTION FOR REMAND**

Now comes the Plaintiff, Melissa Bell, and moves for an order remanding this action to the Superior Court of the State of Rhode Island, Washington County, the Court from which it was originally removed. In support of this Motion, Plaintiff relies on her Memorandum of Law, attached hereto and made a part hereof.

Melissa Bell,
By her attorney,

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
vbejma@smrobinsonlaw.com
August 23, 2007

## CERTIFICATION

I, the undersigned, hereby certify that on August 23, 2007, I sent a true copy of the within by electronic filing to all of the parties below:

Michael F. Kramer, Esq.
Matthew P. Horvitz, Esq.
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

/s/ Vicki J. Bejma

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MELISSA BELL** | : | |
| **Plaintiff** | : | |
| | : | **C.A. No. 07-280S** |
| | : | |
| **LUBRICATION MANAGEMENT CO., INC. d/b/a Expressway Lube Center, WESTERLY FAST OIL, LLC and DAVID BAKER, Individually and in his capacity as District Manager for Lubrication Management Co., Inc.** | : | |
| **Defendants** | : | |

**MEMORANDUM IN SUPPORT OF MOTION FOR REMAND**

This matter first came to this Honorable Court on the Notice of Removal filed by Defendant Westerly Fast Oil, LLC on or about July 24, 2007. Said Notice of Removal was purportedly consented to by Defendants Lubrication Management Co., Inc. and David Baker. Defendant Westerly Fast Oil, LLC asserted a right to removal based upon 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a). Specifically, the Defendant Westerly Fast Oil, LLC asserted that all of its members are residents and citizens of the State of Connecticut, and that there was diversity of citizenship from the Plaintiff, a citizen of the State of Rhode Island. Defendant Westerly Fast Oil LLC also asserts that the other Defendants are citizens of the State of Connecticut. Defendant, however, failed to remove this matter within the time period prescribed by 28 U.S.C. § 1446, and failed to obtain valid consent of the other defendants.

The procedures for removal are set out at 28 U.S.C. § 1446, which reads, in pertinent part:

> **(a)** A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure

> and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b)** *The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Under 28 U.S.C. § 1446, a defendant has thirty (30) days from receipt of a complaint to remove a case to federal court. That 30-day period begins to run when the defendant is served, or otherwise receives a copy of the initial pleading. Furthermore, where there are multiple defendants, the other defendants must join in the removal within their statutory 30-day time period for removal. *See* Sansone v. Morton Machine Works, Inc., 188 F.Supp.2d 182 (D.R.I. 2002); Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1202 (D.R.I. 1986).

Defendants Lubrication Management and David Baker were served on March 8, 2007 and February 21, 2007, respectively. (Exhibits A and B, appended hereto.) Defendant Westerly Fast Oil, LLC was served with the summons and complaint on February 22, 2007. (Exhibit C, appended hereto.) Plaintiff herself was listed as the agent for service for Defendant Westerly Fast Oil, and therefore was served. Defendant Westerly Fast Oil neglected to change the agent for service once Plaintiff left Defendants' employ – and indeed still apparently has not changed that agent.[1] (Exhibit D, appended hereto.) Defendant Westerly Fast Oil filed a motion to dismiss on or about May 10, 2007, for failure to serve process.

Under the circumstances, Defendant Westerly Fast Oil filed its notice of removal too late. The Defendant was served on February 22, 2007. Therefore, the July 24, 2007 filing of a notice

[1] Plaintiff was formerly known as Ms. Smith.

of removal was far past the 30-day deadline. Even if the Defendant Westerly Fast Oil had met the 30-day time period, it is still not permitted to remove this matter to this Court. The first defendant must have joined within the 30-day period in which they could have removed. That period began to run on February 21, 2007. Because the 30-day period in which the first defendant served expired long ago, Defendant Westerly Fast Oil cannot fulfill the joinder requirements. *See* Gorman, at 1202.

In addition, Plaintiff notes that this Defendant has failed to comply with LR Cv 81(b), which requires that the party filing a notice of removal file ". . . certified or attested copies of the docket sheets and all documents filed in the case . . ." within 10 days of filing the notice of removal. An examination of the docket sheet in this Court as of the date of this writing demonstrates that this has not yet been completed.

WHEREFORE, the above-captioned matter should be remanded to the Superior Court of the State of Rhode Island for Washington County.

Melissa Bell,
By her attorney,

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
vbejma@smrobinsonlaw.com
August 23, 2007

**CERTIFICATION**

I, the undersigned, hereby certify that on August 23, 2007, I sent a true copy of the within by electronic filing to all of the parties below:

Michael F. Kramer, Esq.
Matthew P. Horvitz, Esq.
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

/s/ Vicki J. Bejma