UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MELISSA BELL<br><br>v.<br><br>LUBRICATION MANAGEMENT CO., INC. d/b/a Expressway Lube Center, WESTERLY FAST OIL, LLC and DAVID BAKER, Individually and in his capacity as District Manager for Lubrication Management Co., Inc. | C.A. No. 1:07-cv-00280-S-LDA<br><br>**Oral Argument Requested** |

**DEFENDANT WESTERLY FAST OIL, LLC'S OBJECTION TO PLAINTIFF'S MOTION FOR REMAND**

Defendant, Westerly Fast Oil, LLC, hereby objects to plaintiff's motion for remand for the reasons set forth in the accompanying memorandum of law.

WESTERLY FAST OIL, LLC,

By its Attorneys,

/s/ Michael F. Kraemer
Michael F. Kraemer (#6751)
Matthew P. Horvitz (#7289)
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (FAX)
mkraemer@haslaw.com
mhorvitz@haslaw.com

Dated: September 10, 2007

# CERTIFICATION

To:

Noelle K. Clapham, Esq.
Attorney at Law
24 Salt Pond Road, Suite A-8
South Kingstown, Rhode Island 02879

Vicki J. Bejma
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903

I certify that on September 10, 2007, a copy of the foregoing objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing thorough the Court's CM/ECF system.

/s/ Michael F. Kraemer

#828081

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MELISSA BELL<br><br>v.<br><br>LUBRICATION MANAGEMENT CO., INC. d/b/a Expressway Lube Center, WESTERLY FAST OIL, LLC and DAVID BAKER, Individually and in his capacity as District Manager for Lubrication Management Co., Inc. | C.A. No. 1:07-cv-00280-S-LDA<br><br>**Oral Argument Requested** |

**DEFENDANT WESTERLY FAST OIL, LLC'S
MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION FOR REMAND**

Defendant, Westerly Fast Oil, LLC ("WFO"), opposes plaintiff's motion to remand this diversity action to the Rhode Island Superior Court. The District Court should deny plaintiff's motion because: (1) WFO filed its notice of removal fifteen days after plaintiff served WFO with process; and (2) under the "receiving defendant rule," WFO properly removed this action within 28 U.S.C. § 1446(b)'s prescribed time period with unanimous consent from the other defendants, Lubrication Management Co, Inc. ("Lubrication Management") and David Baker ("Baker").

## I. STATEMENT OF THE CASE

Plaintiff filed a complaint in the Rhode Island Superior Court on December 29, 2006, alleging that she was terminated from her employment by the defendants because she was pregnant. Plaintiff never served that complaint, and instead filed an amended complaint on February 16, 2007. She served a copy of the amended complaint on Lubrication Management and Baker in February 2007, but not on WFO.

As of May 2007, plaintiff had not served WFO with process and 120 days had passed from the time the plaintiff filed her complaint. Accordingly, WFO filed a motion to dismiss under Rule 4(*l*) of the Rhode Island Superior Court Rules of Civil Procedure. Plaintiff responded by claiming that she was the registered agent for WFO, and had served WFO by serving herself with the complaint. In its papers to the court, WFO demonstrated that effective service of process did not occur when plaintiff served herself. Although listed on the R.I. Secretary of State's website as a registered agent for WFO, plaintiff ceased as WFO's agent when her employment ended in October 2005.[1]

The state court did not agree with plaintiff that serving herself was service on WFO, but instead of dismissing the amended complaint against WFO entirely, the court exercised its discretion under Super. R. Civ. P. 4(*l*) and granted plaintiff an additional 30 days to serve WFO. Plaintiff served WFO via certified mail on July 9, 2007, and also served WFO by a constable on July 18, 2007. WFO then filed a timely notice of removal in this Court. Both Lubrication Management and Baker consented to WFO's removal notice.[2]

---

[1] WFO explained in its reply to plaintiff's objection to defendant's motion to dismiss that plaintiff had no actual or apparent authority as an agent for WFO after she was terminated. WFO also explained that an alternative means for plaintiff to serve process exists under the Rhode Island law:

> Westerly Fast Oil is a Rhode Island limited liability company. When a resident agent's authority is revoked, the secretary of state is appointed agent of the domestic limited liability company for service of process. R.I. Gen. Laws § 7-16-11(e). Rather than serve Westerly Fast Oil through the mechanism provided by the General Laws, plaintiff instead chose to serve herself. Regardless whether plaintiff was an agent for service, which she was not, she never forwarded or otherwise provided notice of this lawsuit to Westerly Fast Oil. This cannot constitute valid service under due process protections in the Rhode Island and Federal Constitutions, much less timely service under Rule 4.

[2] *See* Notice of Removal, Dkt. No. 1

## II. ARGUMENT

### A. <u>WFO filed its notice of removal fifteen days after plaintiff served WFO with process.</u>

WFO removed this action to federal court on July 24, 2007, fifteen days after plaintiff served WFO with a summons and complaint. Thus, after receiving service of plaintiff's summons and complaint, WFO filed its notice of removal within the 30-day time period 28 U.S.C. § 1446(b) requires:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b).

The essence of plaintiff's argument is that she served WFO on February 21, 2007 when she served herself. That misguided argument was rejected by the Superior Court, which required her to effect proper service on WFO. Now plaintiff has repackaged that argument for this Court. Plaintiff's argument is disingenuous given the state court's previous ruling and plaintiff's acceptance of that ruling. Actions speak louder than words: if the plaintiff actually believed that she served WFO on February 22, 2007, then she would not have re-served WFO – twice.

### B. <u>Under the "receiving defendant rule," WFO properly removed this action with unanimous consent from the other defendants.</u>

Under the receiving defendant rule, a defendant may remove an action within the 30-day statutory period if it secures unanimous consent from the other defendants in the action, without regard to whether the other defendants could remove the action themselves because their 30-day periods for removal passed.

This rule is the modern trend in removal jurisprudence. *See Piacente v. State Univ. of N.Y. at Buffalo*, C.A. No. 03-CV-0672E(Sc), 2004 WL 816885, *1 (W.D.N.Y. Feb. 14, 2004) (memorandum and order). The receiving defendant rule permits each defendant 30 days from its date of service to remove a case, regardless of whether earlier-served defendants have done so. *Marano Enters. V. Z-Teca Rests.*, 254 F.3d 753, 756 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 527, 533 (6th Cir. 1999). Because the receiving defendant rule still requires consent from all defendants for removal, it respects the "rule of unaniminity." *Piacente*, 2004 WL 816885 at *2-3 (distinguishing between the right to remove and the right to consent to removal).

The language of 28 U.S.C. § 1446(b) supports the receiving defendant rule. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt [of formal process] by the defendant." 28 U.S.C. § 1446(b) (emphasis added). This language plainly applies to a generic defendant, not the first-served defendant exclusive of all other defendants. *See Piacente*, 2004 WL 816885 at *2-3. Further, § 1446(a) provides that "[a] defendant or defendants desiring to remove any civil action…from a state court shall file in the district court…a notice of removal …" Read together, §§ 1446(a) and (b) demonstrate that Congress contemplated multiple defendant situations in the removal context and the 30-day time period for removal would be calculated based on the date of service of process on the particular defendant who actually files the notice of removal. *Id.* This "defendant" is distinguished from other defendants in the lawsuit, who only have to consent to such notice. *Id.*

The alternative formulation of § 1446(b) that plaintiff suggests in her motion is the first-served defendant rule. The first-served defendant rule calculates the time period for removal from the date the first defendant is served. This rule, however, requires the court to add the

additional the word "first" before the word "defendant" in § 1446(b). *See Piacente*, 2004 WL 816885, at *2-3. "When the statutory language is clear on its face, and its words 'neither create ambiguity nor lead to an entirely unreasonable interpretation,' an inquiring court must apply the statute as written, and 'need not consult other aids to statutory construction.'" *Passa v. Derderian*, 308 F.Supp.2d 43, 51 (D.R.I. 2004) (citations omitted). The Court should not read additional words into § 1446(b). The language of this statute provides enough guidance to the Court that the receiving defendant rule is the reasonable interpretation of this statute.

In *Murphy Brother, Inc v. Michetti Stringing, Inc.*, the Supreme Court emphasized that § 1446(b) should be read in light of a "bedrock principle" that a named defendant "is not obliged to engage in litigation unless notified of the action and brought under a court's authority, by formal process." 526 U.S. 344, 347-48 (1999). The window for WFO to remove this action did not open until it received formal service of process. *See id.* Nor could WFO's procedural right to remove slip away before plaintiff brought WFO within the state court's jurisdiction through service of process.

In interpreting the language of § 1446(b), the *Murphy Brothers* opinion explained that it would "take a clearer statement than Congress has made…to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons, *i.e.* before one is subject to any court's authority." *Id.* at 356. The *Murphy Brothers* court based its decision on the principle that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 349.

Although *Murphy Brothers* related to single-defendant lawsuits, the same rationale applies to multiple-defendant lawsuits. If a single defendant should not be forced to consider

removal before service of process, then it makes sense that the Supreme Court would extend this rationale to multiple-defendant lawsuits. *See Egan v. Bechtel Corp.*, No. Civ.A.04-11721-RGS, 2004 WL 2634411, *1 (D. Mass. Nov. 19, 2004) (joining other courts' predictions that *Murphy Brothers* requires late-served defendants be given 30 days from the date of service to file a notice of removal). Otherwise, a later-served defendant would be forced to file its own notice for removal or consent to another defendant's notice of removal before the plaintiff serves the later-served defendant, *i.e.* before it is within the court's jurisdiction.

In light of *Murphy Brothers*, a growing number of courts have adopted the receiving defendant rule. *See, e.g., McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924, 928 (4th Cir, 1992); *Brierly v. Alusuisse*, 184 F.3d at 532-33; *Marano v. Z-Teca*, 254 F.3d at 756-57; *Varela v. Flintstock Construction, Inc.*, 148 F.Supp.2d 297 (S.D.N.Y. 2001). The Eighth Circuit has commented on *Murphy Brothers*' effect on removal in multiple-defendant lawsuits: "We are convinced, however, that the legal landscape in this area has been clarified, and perhaps the definitive answer portended by the Supreme Court's decision…" *Marano*, 254 F.3d at 756. Courts should allow each defendant 30 days after receiving service in which to file a notice of removal, regardless of when – or if – previously served defendants have filed such notices. *See id.* at 756-57.

The receiving defendant rule complies with *Murphy Brothers* because "it preserve[s] every defendant's opportunity to seek removal and provides every defendant with a uniform time in which to do so, where under the first served defendant rule, the procedural rights of later served defendant slip away before one is subject to any court's authority." *Verela*, 148

F.Supp.2d 300, 201. To the extent plaintiff relies on case law prior to 1999 that conflicts with *Murphy Brothers*, those decisions are no longer controlling or persuasive authority.[3]

Plaintiff argues that her failure to serve WFO within 30-days of serving the other defendants *per se* bars WFO from exercising its statutory right to remove this diversity case to federal court. This is not a fair construction of the statute because WFO was not subject to the state court's jurisdiction until plaintiff served it with process. Indeed, Lubrication Management and Baker could not have removed this case without WFO's consent, and WFO was under no obligation to take any affirmative steps until brought into the case by service. The first-served defendant rule would bar all of the defendants from removing this case within the 30-day time period. In effect, plaintiff would find this matter was unremovable and that § 1446(b) acts as a federal forum-preclusion statute for the savvy or sluggish plaintiff. Under her theory, Lubrication Management and Baker could not remove the action because WFO had not been served and the former could not obtain WFO's consent to remove. By the time WFO is brought into the action, according to plaintiff, it is too late for it to remove. Thus, no defendant could remove the action! This absurd and unfair result cannot be the law. The receiving defendant rule avoids this problem.

---

[3] Plaintiff cited one case from this Court applying the first-served defendant rule, *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196 (D.R.I. 1986). This case is not controlling authority for three reasons: First, the *Gorman* opinion largely rests on the decisions of "the plain majority" of federal courts. *See* 629 F.Supp. at 1201. Thirteen years after *Gorman*, the U.S. Supreme Court clarified 28 U.S.C. § 1446(b) in *Murphy Brothers*. Since *Murphy Brothers*, the majority of courts have adopted the receiving defendant rule. Second, the court in *Gorman* relied on decisions that conflated the right to remove with the distinct ability to consent to such removal. The right to remove and the ability to consent to removal, however, are independent. *See Brierly*, 184 F.3d at 533 n.3 (concluding "that a first-served defendant can consent to a later-served defendant's removal petition, despite having already failed in its own efforts to remove."). Finally, the facts in *Gorman* are distinguishable from this case. The later-served defendants in *Gorman* were not named parties when the plaintiff initially filed the lawsuit and served the original defendant. Thus, the original defendant could have removed the case to federal court "unanimously" before the plaintiff named additional defendants. WFO, by contrast, was an original named defendant in plaintiff's complaint. Plaintiff, however, did not serve WFO until after the other defendants' removal time passed. Depriving WFO the opportunity to persuade the other defendants to consent to removal would be an unfair result. *See Egan*, 2004 WL 2634411 at *1 n.4 (citing 14C Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3732, at 337-39 (3d ed.1998)).

## IV. CONCLUSION

The basic facts before the Court are as follows: WFO served its notice of removal within the 30-day widow that commenced when plaintiff finally served WFO with process in July 2007. Pursuant to its statutory obligation, WFO sought and obtained consent to its notice of removal from the other defendants in this action. Accordingly, the Court should deny plaintiff's motion for remand.[4]

WESTERLY FAST OIL, LLC,

By its Attorneys,

/s/ Michael F. Kraemer
Michael F. Kraemer (#6751)
Matthew P. Horvitz (#7289)
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (FAX)
mkraemer@haslaw.com
mhorvitz@haslaw.com

Dated: September 10, 2007

[4] WFO filed an attested copy of the docket sheet and all documents filed with the Superior Court on September 6, 2007. This filing is beyond the Local Rule 81(b) period. A remand would be too drastic a remedy based on such minor noncompliance, which already has been corrected. *See Mitskovski v. Buffalo, Ft. Erie, Bridge Auth.*, 435 F.3d 127, 133 (2nd Cir. 2006).

## CERTIFICATION

To:

Noelle K. Clapham, Esq.
Attorney at Law
24 Salt Pond Road, Suite A-8
South Kingstown, Rhode Island 02879

Vicki J. Bejma
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903

I certify that on September 10, 2007, a copy of the foregoing memoranda was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing thorough the Court's CM/ECF system.

/s/ Michael F. Kraemer

#825596-v2-P