UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MELISSA BELL | : | |
| | : | |
| v. | : | C.A. No. 1:07-cv-00280-S-LDA |
| | : | |
| LUBRICATION MANAGEMENT CO., INC. d/b/a Expressway Lube Center, WESTERLY FAST OIL, LLC and DAVID BAKER, individually and in his capacity as District Manager for Lubrication Management, Inc. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF LUBRICATION MANAGEMENT CO., INC. AND DAVID BAKER'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**

## I. INTRODUCTION

This matter is before the Court on the motion of defendants Lubrication Management Co., Inc. and David Baker for an order under Rule 37(a) compelling plaintiff to fully answer Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7 and provide documents responsive to Document Requests Nos. 1, 2 and 5. Because the plaintiff's answers to these discovery requests are incomplete and she has declined to supplement them, an order compelling more complete responses is necessary.

## II. STATEMENT OF THE CASE

Plaintiff, Melissa Bell, brought this action in Superior Court against her former employer alleging she was terminated from employment for discriminatory reasons. On March 19, 2007 Lubrication Management and Baker served written interrogatories and requests for production of documents on plaintiff's counsel. Plaintiff provided partial responses to these discovery requests on May 7, 2007

Prior to the removal of this action to the District Court, defendants filed a Motion to Compel Further Discovery Responses. The motion was scheduled for June 18, 2007, at which

time the Superior Court passed on the motion. It was to be reheard on August 20, 2007, but as of that date the removal had already taken place.

## III. DISCOVERY REQUESTS AND RESPONSES

As required by Local Rule 37(a), the discovery requests and plaintiff's responses are as set forth below:

### A. Interrogatories and Responses

1. List every individual or company by which you have been employed since October 13, 2005; list your present or more recent employer first, and list all others in reverse chronological order, ending with employment immediately following your experience with Lubrication Management. As to each employer, provide the name and business address, the inclusive dates of your employment there, the job title of the job you were hired to perform, the rate of pay you received when you began your employment there, the total amount of pay received per year, to date, and identify every change in job status or in rate of your pay during the course of your employment there.

ANSWER: None other than self employment as of January 1, 2007 with Melissa's Bridal & Formal Fantasy, 271 Post Road, Westerly, RI 02891.

2. Beginning with July 1, 2004, and continuing to the date of your response, explain what you were doing during every period of time in which you were not fully employed (i.e., every time period other than those specified in response to question number one) by providing the following information:

(a) Explain with specificity what you were doing during each period in which you were not employed (for example, attending school, staying home with children, seeking employment, etc.), and state the inclusive dates during which you were so engaged;

(b) Identify with specificity every source of income of any description received by your or accruing to you since you last worked for Lubrication Management, except for monies received as set forth in your answer to Interrogatory No. 1, and state the total amount you received or to which you became entitled and the inclusive dates you received the stated monies.

ANSWER: At the end of July, 2004, I left my employment with the Defendants voluntarily to try to become pregnant, and because of a proposed sale of the business. In November, 2004, I returned to my employment with the Defendants until I was terminated on October 13, 2005 because I finally did become pregnant. After my termination I collected unemployment benefits. On March 20, 2006 I gave birth to my third child. I received Temporary Disability Insurance until May 29, 2006. From July 2006 through December 31, 2006 I worked toward opening my own business. I opened my own business, Melissa's Bridal & Formal Fantasy, on January 1, 2007. Throughout this time I looked forth other work and I also provided assistance to my motion at her own business. I addition, after the termination of my employment by the Defendants I received state medial assistance since I lost my health care benefits as a direct result

of my termination. I also received various other forms of assistance, including child support, and I refinanced my home in order to continue to pay my bills.

3. Beginning with July 1, 2004, and continuing to the date of your response, explain with specificity every attempt you made to find employment. Include in your answer the following information:

(a) the name and address of every employer to which you made application, formally or informally, for employment, the date on which you applied to each employer, what you did initially to request employment from each employer (e.g., wrote letter requesting interview, filled out job application in person, etc.), and every subsequent step in the application process which you took with regard to each employer;

(b) if you responded to any electronic or printed job advertisement, identify the employer and identify the publication in which the advertisement appeared, and the date of the publication;

(c) if you contacted any employment agencies, identify each agency including the address of the agency and the date you contacted the agency;

(d) Identify every document or writing of any description, which refers or relates to every attempt you made to find employment, and state the person in possession or custody of each writing.

ANSWER: I applied for any/all positions that I could find for which I felt I was possibly qualified and that offered comparable pay and benefits to what I was receiving with Expressway. I recall applying for work at Signature Pools and Spas, Crottery Autobody and Citizens Bank.

4. Do you claim that you suffered monetary damages as a result of any actions of defendants?

(a) If you have answered yes, provide the following information: the factual basis of each alleged act which was the cause of said monetary damages, identify all persons who have knowledge of said acts, and state the facts known to each person, state the total amount of monetary damages suffered by you, explain specifically every way in which you have suffered monetary damages, state the amount of money which you claim for each aspect of damage to you, and explain specifically the basis on which you computed each amount;

(b) Identify all persons who have knowledge of the said monetary damages and the amount thereof, and state the facts known to each person;

(c) Identify each document which refers or relates to the cause or amount of said monetary damages.

ANSWER: At the time of my termination I was earning a weekly salary of 800.00 per week, plus additional weekly bonuses and fringe benefits including two (2) weeks paid vacation per year, sick time, 401(k), life insurance and heath care insurance through Blue Cross. I lost all income and benefits from the time of my termination on October 13, 2005 until July, 2006, when I stopped looking for work and began focusing my efforts on starting my own business because I

was unable to find comparable new employment. I also suffered compensatory damages and I am seeking an award of punitive damages.

5. Do you claim that you suffer or suffered from a disability within the meaning of R.I.G.L. 42-87-1, 28-5-7, and/or R.I.G.L. 42-112-1? If so, (a) identify and explain the nature of the physical and/or mental disability, (b) state the date the disability commenced, (c) state the date the disability ceased, (d) identify all health care providers who treated you for the disability and the dates of treatment, and (e) identify the major life activities limited by the disability.

ANSWER: Defendants terminated my employment because they perceived me as disabled as a result of my pregnancy.

6. Identify any person whom you expect to call as an expert witness at the trial of this case, state the subject matter on which he/she is expected to testify, state the substance of the facts and opinions on which he/she is expected to testify, and summarize the grounds for each opinion.

ANSWER: Plaintiff has not yet retained any expert witnesses. Plaintiff anticipates retaining an economist to testify regarding her lost wages and benefits and Deborah Musto, a counselor that she has treated with for her emotion distress.

7. If you sought the services of or were treated by a psychiatrist, psychologist, therapist, counselor, or other professional regarding emotional distress caused by defendants' actions, identify the provider, state the dates upon which you had contact with him/her, and identify any medications which were prescribed by him/her and/or taken by you because of such condition.

ANSWER: Plaintiff treated with Deborah Musto, 11 Wells Street, Westerly, Rhode Island 02891 as a result of the Defendants' wrongful actions from December, 2005 through present. Plaintiff has not been prescribed any medication responsive to this question.

**B. <u>Rule 34 Requests and Responses</u>**

1. All federal and state income tax returns filed by plaintiff for the years 2004, 2005 and 2006.

ANSWER: Plaintiff states: See documents labeled 0001-0003 produced herewith.

2. All federal income tax W-2 and 1099 forms, pay records, and any other documents in plaintiff's possession or control, reflecting income earned by plaintiff during 2004, 2005, 2006 and 2007.

ANSWER: Plaintiff states: See documents labeled 0004-0007 produced herewith.

5. Any notes, diaries, notebooks, or other writings relating to your employment with the defendant or the termination of that employment.

OBJECTION: Plaintiff objects to the extent that the Request seeks privileged attorney client communications and/or privileged attorney work product.

ANSWER: Plaintiff states see documents labeled 0044-0058 produced herewith. Plaintiff further state that she has a black appointment book/calendar that she will make available for inspection.

## IV. ARGUMENT

### A. Plaintiff's interrogatory responses are incomplete.

Interrogatory Number 1 asked plaintiff to provide information concerning pay received from employers after October 13, 2005. Although plaintiff reported she was employed as of January 1, 2007 with Melissa's Bridal and Formal Fantasy and provided assistance to her mother prior to 2007 in her mother's business, plaintiff did not provide information concerning any monies received from such employment.

Interrogatory Number 2 asked the plaintiff to explain what she was doing when not employed since July 1, 2004. This interrogatory requested the amounts of money she received during those time periods and the inclusive dates plaintiff received such money. Plaintiff has not provided this information, nor the amounts she received from Unemployment Compensation and Temporary Disability Insurance. Plaintiff also stated she received child support, but did not include the amounts or dates.

Interrogatory Number 3 asked plaintiff for information regarding her efforts to find employment. This interrogatory asked plaintiff to not only provide the names of employers to which she made application, but the address of each employer and the dates on which she applied to each employer, along with what she initially did to request employment. Plaintiff did not provide this information. In addition, plaintiff did not answer subsections (b), (c) and (d) of this interrogatory, which sought information regarding plaintiff's responses to electronic or printed job information, plaintiff's contact with employment agencies, and other documents or writings relating to plaintiff's attempts to find employment.

Interrogatory Number 4 required plaintiff to identify all persons with knowledge of the acts and discrimination she alleges, as well as her monetary damages, and requested that she state the facts known to each individual. She did not do so. Further, she did not identify documents which refer or relate to the cause or amount of monetary damages claimed.

Plaintiff did not actually answer Interrogatory Number 5, which required either a “no” or “yes,” with explanation.

In Interrogatory Number 6, plaintiff did not state the dates upon which she had contact with Ms. Musto, a counselor who plaintiff may call as an expert witness, nor did she actually identify this witness as required by Interrogatory Nos. 6 and 7.

**B. Plaintiff’s responses to defendants’ document requests are incomplete.**

Plaintiff provided only the first pages of her 2004, 2005 and 2006 Federal Tax Returns in response to Document Request No. 1. She should have provided her entire tax returns for those years, along with State Tax Returns, assuming she filed them.

Document Request No. 2 went beyond tax records and required documents concerning any pay plaintiff earned from 2004 to 2007. Assuming that she received some compensation for working for her mother or in her own business, plaintiff should have provided these documents, but did not.

Finally, plaintiff was required to actually produce the black appointment book/calendar she identified in Document Request No. 5 on May 7, 2007, but did not do so.

**C. Defendants are entitled to full and complete discovery responses.**

Courts have long recognized that discovery should provide a party access to information likely to lead to the discovery of admissible evidence. F.R.Civ.P. 26. Lubrication Management and Baker are entitled under Rules 26(b), 33 and 34 to full and complete responses to their

interrogatory questions and document requests, which go to issues of witnesses, possible evidence, damages, and mitigation of damages.

Defense counsel communicated twice by letter to plaintiff's counsel regarding the incomplete discovery answers, detailing the same deficiencies outlined in this memorandum. Nevertheless, plaintiff has not supplemented her discovery responses. Lubrication Management and Baker will obviously be prejudiced by not being able to fully engage in discovery. Accordingly, this Court is authorized under Rule 37(a)(2) to enter an order compelling more complete answers to the above interrogatory questions and document requests.

## V. CONCLUSION

By reason of the above, Lubrication Management and Baker request that the Court order plaintiff to fully and completely answer Interrogatory questions Nos. 1, 2, 3, 4, 5, 6, 7 and Document Requests Nos. 1, 2 and 5.

LUBRICATION MANAGEMENT CO., INC.
And DAVID BAKER,

By their attorneys,

/s/ Michael F. Kraemer
Michael F. Kraemer (#6751)
Matthew P. Horvitz (#7289)
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (FAX)
mkraemer@haslaw.com
mhorvitz@haslaw.com

Dated: September 18, 2007

**CERTIFICATION**

To:

Noelle K. Clapham, Esq.
Attorney at Law
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879

Vicki J. Bejma, Esq.
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903

I certify that a true and accurate copy of the within memorandum was served on counsel of record, as listed above, electronically, on the 18th day of September 2007.

/s/ Michael F. Kraemer
Michael F. Kraemer (#6751)

#829508 (60181/132231)