UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MELISSA BELL<br><br>v.<br><br>LUBRICATION MANAGEMENT CO., INC. d/b/a Expressway Lube Center, WESTERLY FAST OIL, LLC and DAVID BAKER, Individually and in his capacity as District Manager for Lubrication Management Co., Inc. | C.A. No. 1:07-cv-00280-S-LDA |

**DEFENDANTS' MOTION FOR SANCTIONS**

Defendants, Lubrication Management Co., Inc. and David Baker, move the Court for sanctions against plaintiff pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure for failure to comply with the discovery order dated October 9, 2007, which required plaintiff to produce her black appointment book, in its entirety. Rather than comply with the order, plaintiff only produced self-redacted copies of edited pages from the appointment book. Rule 37 sanctions are appropriate here because plaintiff's redactions (1) disregard the Court's discovery order, (2) are premised on insubstantial objections already waived, and (3) shield from discovery information directly relevant to the defense of this action.

WHEREFORE, defendants request the Court to order plaintiff to produce the complete black appointment book or, in the alternative, preclude plaintiff from maintaining her claims for compensatory damages and back pay. Further, the Court should require plaintiff or her counsel to reimburse defendants' reasonable expenses, including attorney's fees, incurred as a result of the need to file this motion.

LUBRICATION MANAGEMENT CO., INC. and
DAVID BAKER,

By their Attorneys,

/s/ Michael F. Kraemer

Michael F. Kraemer (#6751)
Matthew P. Horvitz (#7289)
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (FAX)
mkraemer@haslaw.com
mhorvitz@haslaw.com

Dated: November 9, 2007

**CERTIFICATION**

To:

Noelle K. Clapham, Esq.
Attorney at Law
24 Salt Pond Road, Suite A-8
South Kingstown, Rhode Island 02879

Vicki J. Bejma
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903

I certify that on November 9, 2007, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing thorough the Court's CM/ECF system.

/s/ Michael F. Kraemer

#842172-v1-P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MELISSA BELL<br><br>v.<br><br>LUBRICATION MANAGEMENT CO., INC. d/b/a Expressway Lube Center, WESTERLY FAST OIL, LLC and DAVID BAKER, Individually and in his capacity as District Manager for Lubrication Management Co., Inc. | C.A. No. 1:07-cv-00280-S-LDA |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR SANCTIONS**

This matter is before the Court on defendants' motion for sanctions, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, for plaintiff's failure to comply with the order dated October 9, 2007, which directed her to produce her black appointment book.

## I. Introduction

The Court previously granted defendants' motion to compel further discovery responses, and ordered plaintiff to produce her black appointment book in its entirety. Rather than comply with the Court's order, plaintiff produced only redacted copies of limited pages from the appointment book. Rule 37 sanctions are appropriate here because plaintiff's conduct (1) disregards the Court's discovery order, (2) is premised on insubstantial objections already waived, and (3) shields from discovery information directly relevant to the defense of this action.

Accordingly, the Court should grant defendants' motion and order plaintiff to produce the black appointment book or, in the alternative, preclude plaintiff from maintaining her claims for compensatory damages and back pay. Further, the Court should require plaintiff or her counsel

to reimburse defendants' reasonable expenses, including attorney's fees, incurred as a result of the need to file this motion.

## II. <u>Statement and Travel of the Case</u>

This action concerns plaintiff's claim that Lubrication Management, her former employer, terminated her employment because she was pregnant. Defendants served plaintiff with a Rule 34 request for production of documents on March 19, 2007. Document Request No. 5 demanded "[a]ny notes, diaries, notebooks, or other writings relating to your employment with the defendant or the termination of that employment." *See* Defendant's Memorandum in Support of Motion to Compel Further Discovery Responses, Dkt. No. 7 ("Motion to Compel") at sec. IV.B. In her partial response on May 7, 2007, plaintiff objected to Request No. 5 only to the extent it sought privileged attorney client communications and/or privileged attorney work product. *See id.* at sec. III.B. Plaintiff further stated that "she has a black appointment book/calendar that she will make available for inspection." *Id.* To date, plaintiff has yet to make her black appointment book available to the defendants for inspection.

Defendants moved to compel further discovery responses from plaintiff on September 18, 2007. The motion to compel included a demand for the appointment book. *See* Motion to Compel at sec. IV.B. The Court granted the motion by text order on October 9, 2007.

Under Local Rule 37(b), plaintiff had 20 days to comply with the Court's order. Although plaintiff supplemented her discovery responses on October 24, 2007, she failed to produce the appointment book. Instead, plaintiff provided defendants with copies of redacted entries from the appointment book. Plaintiff's justification for these redactions, raised for the first time, was that they contain "personal" information:

> ANSWER: Plaintiff states see documents labeled 0044-0058 produced herewith. Plaintiff states that she has loose leave pages from a calendar for the years 2005 and 2006 that were formerly contained within a black notebook. In addition to the information sought in this Request, many of the pages contain personal information of the Plaintiff and her family which are not responsive to the within Request. Accordingly, the pages have been reviewed by counsel, and all pages containing information responsive to the Request have been produced. Information contained within pages produced that is not responsive to the Request has been redacted. Plaintiff will agree to have all pages reviewed by the Court in camera if the Defendants dispute proper production. See documents labeled 107, 115, 119, 121, 125, 133, 136, 146, 153, 168, 170, 174, 176, 177, 183, 184, 188, 202, 205, 217, 224, 226, 227, 238, 241, 256, 262, 268, 269, 279, 293, 318, 322, 329, 330, 332, 333, 336, 337, 345, 352-355, 357, 361, 363, 365, 366, 368, 369, 371, 375, 379, 382-384, 386-388, 390, 395, 397, 402-404, 409-411, 414, 417, 426, 432, 440, 450, 456, 458, 460, 470, 471, 472, 474-476, 478-483, 486, 487, 488, 490, 496, 500, 504, 510, 512, 516, 518-521, 524, 525, 527-530, 532, and 533.

*See* Exhibit A. Plaintiff's supplemental answer does not comply with the order of October 9, 2007, since it is obviously not the entire, unredacted appointment book.

By e-mail to plaintiff's counsel on October 30, 2007, defense counsel identified the shortcomings with plaintiff's supplemental answer and requested, again, the appointment book. *See* Exhibit B. In response, plaintiff's counsel indicted that she refused to produce the entire black appointment book. *See id.* Confronted with plaintiff's refusal to abide by the Court's discovery order, defendants filed this motion for sanctions.

## III. Argument

### A. Sanctions are appropriate because plaintiff has violated the order compelling discovery.

A district court may sanction a party that fails to comply with an order compelling discovery. *See* Fed. R. Civ. P. 37(b)(2). Rule 37 erects a two-tiered framework for addressing a litigant's failure to cooperate in discovery. *U.S. v. One 1987 BMW 325*, 985 F.2d 655, 660 (1st Cir. 1993). First, the party propounding discovery must seek a court order compelling discovery. If the offending party refuses to comply with such an order, then the Court may exercise its

discretion in choosing an appropriate sanction from those provided in Rule 37(b). *Id.* at 660-61. In a sanctions proceeding, the issues are limited to whether there was a violation of a discovery order, and if so, which particular sanction is appropriate. *See* 7 Moore's Federal Practice § 37.42[6] (2007).

Plaintiff is in violation of the Court's October 9, 2007 order. Defendants requested the actual appointment book in their motion to compel. When the Court granted the motion, plaintiff was of course obligated was to produce the black appointment book. The time for plaintiff to comply with the Court's order has passed and plaintiff still has not provided the appointment book for inspection and copying.

The appropriate sanction against plaintiff is that she either produce the appointment book in its entirety, or be barred from maintaining claims for compensatory damages and back pay. *See* Fed. R. Civ. P. 37(b)(2)(B), (C). As discussed in section II.C, *infra.*, the redacted information in the appointment book is directly relevant to the employer's defenses. Since the defendants cannot adequately defend themselves against plaintiff's claims without this "personal" information, plaintiff should be barred from maintaining those claims. This sanction should include reimbursement of defendants' reasonable expenses, including attorney's fees. *See* Fed. R. Civ. P. 37(b). Plaintiff's failure to provide the appointment book caused Lubrication Management and Mr. Baker the needless time and expense of additional motion practice to secure her compliance with the Court's order.

**B. Plaintiff's new objections are untimely and should be disregarded.**

"The timing and specificity of an objection are of the essence when it comes to asserting a privilege during discovery." *Rivera v. Kmart Corp.*, 190 F.R.D. 298, 300 (D. Puerto Rico 2000). Rule 34(b) requires the party upon whom a request for production of documents is made

to respond to the request in writing within 30 days after being served. *Id.* "Rule 34(b) adds that the response 'shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.'" *Id.* If the responding party fails to timely object or state the reason for the objection, she has waived any objections. *Id.* (citing *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991)).

The time has long passed for plaintiff to interpose any new objections to Document Request No. 5. Plaintiff's objections to Request No. 5 were limited to attorney-client privilege and work product doctrine. Thus, plaintiff waived all other objections. Plaintiff's new objection is that the information in the appointment book is "personal." Even if this were a permissible objection, which is doubtful, it is too late for plaintiff to pose this new objection.

**C. Plaintiff's "personal" information is relevant to the defenses in this case and should be produced.**

"The purpose of the discovery rules is to provide for the fullest possible pretrial disclosure of admissible evidence, to reduce the possibility of surprise, and to insure a fair contest." *Klonoski v. Mahlab*, 156 F.3d 255, 271 (1st Cir. 1998) (internal citations omitted).

The "personal" information plaintiff redacted from her black appointment book may be directly relevant to the issues and defenses in this case. Plaintiff is seeking compensatory damages for emotional distress. The defendants are entitled to discover information about her "personal" situation. Otherwise, it is impossible to determine whether plaintiff's claimed emotional distress was caused by personal factors unrelated to the termination of her employment for which defendants cannot be liable. Plaintiff's "personal" situation may also be relevant to plaintiff's mitigation of damages, that is, whether plaintiff was able to work during the relevant time period. If she suffered from post-partum depression after the birth of her child,

for example, that would be "personal," but also bear on her claim for back wages for the period of the depression. If the "personal" matters related to caring for an ill relative, or marital friction affecting her mental health or ability to work, the matters might be "personal," but still relevant to issues in the case. Discovery is permitted where it is likely to lead to the discovery of admissible evidence, a standard easily met here. There is no precedent under the Rules to allow a plaintiff seeking compensatory damages to shield "personal" information from discovery.

## IV. Conclusion

By reason of the above, the Court should grant Lubrication Management Co., Inc. and David Baker's motion for sanctions. Plaintiff must comply with the October 9, 2007 order and produce the entire unredacted appointment book, or be precluded from maintaining her claims for compensatory damages and back pay. The Court should also order plaintiff or her counsel to reimburse defendants for their attorneys' fees and reasonable expenses incurred as a result of this motion.

LUBRICATION MANAGEMENT CO., INC. and
DAVID BAKER,

By their Attorneys,

/s/ Michael F. Kraemer
Michael F. Kraemer (#6751)
Matthew P. Horvitz (#7289)
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (FAX)
mkraemer@haslaw.com
mhorvitz@haslaw.com

Dated: November 9, 2007

**CERTIFICATION**

To:

Noelle K. Clapham, Esq.
Attorney at Law
24 Salt Pond Road, Suite A-8
South Kingstown, Rhode Island 02879

Vicki J. Bejma
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903

I certify that on November 9, 2007, a copy of the foregoing memoranda was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing thorough the Court's CM/ECF system.

/s/ Michael F. Kraemer

#841193-v1-P