# EXHIBIT B

**Kraemer, Michael F.**

| | |
|---|---|
| **From:** | Kraemer, Michael F. |
| **Sent:** | Tuesday, October 30, 2007 8:50 AM |
| **To:** | 'Noelle Clapham' |
| **Cc:** | 'Vicki Bejma'; Horvitz, Matthew P |
| **Subject:** | Bell vs Lubrication Management |
| **Importance:** | High |

Dear Ms. Clapham:

I note that you have redacted certain documents from plaintiff's calendar/diary for 2005 & 2006. Plaintiff was required under the FRCP and by Magistrate Judge Almond's order to produce the entire calendar/diary. I request that you bring the entire original with you on Thursday and I can have my office staff photocopy the entire document, with no redactions.

First of all, I know of no basis under the discovery rules applicable in federal court for a plaintiff to withhold such information on the grounds that it is "personal." Had plaintiff interposed such an objection in a timely fashion, I do not believe that the Court would have sustained the objection. Secondly, since plaintiff is seeking compensatory damages, including emotional distress damages, the potential relevance of these missing pages should be obvious. Defendants are entitled to explore plaintiff's "personal" situation, to the extent that any emotional distress may have been caused by factors other than the termination of her employment. Also, the missing pages may reveal information relevant to the mitigation of damages issue. Discovery is allowed broadly where it may lead to the discovery of admissible evidence, and that surely applies here.

Finally, the order entered by the Court does not allow plaintiff's counsel to edit her discovery responses. The time for plaintiff to litigate this issue is past, and she was required by the discovery entered to produce the entire document.

If you choose not to produce this entire original document on Thursday, at the time we take Mr. Perry's deposition in my office, I will file a motion with the Court pursuant to Rule 37, seeking sanctions for this discovery misconduct.

On another subject, I plan to subpoena Deborah Musto's records and notes regarding the plaintiff. Since plaintiff has put her emotional and mental health at issue in this case, this information is properly the subject of discovery. I would prefer to provide Ms. Musto with a written authorization, signed by the plaintiff, as to the release of these documents. If I provide an appropriate authorization, will plaintiff sign it?

Once I have completed my review of the plaintiff's supplemental discovery responses, there may be more issues and I may be back to you with regard to those.

Michael F. Kraemer
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence RI 02903
401.457.5196
Fax 401.457.5197
mkraemer@haslaw.com

**Kraemer, Michael F.**

**From:** Noelle Clapham [claphamlaw@verizon.net]
**Sent:** Tuesday, October 30, 2007 9:58 AM
**To:** Kraemer, Michael F.
**Subject:** Re: Bell vs Lubrication Management

Plaintiff's production is responsive to the Request. The other materials that were redacted were not responsive. No objection is necessary since the materials redacted are not responsive. The "book" that Plaintiff thought she had does not exist. When Plaintiff located the "book" she realized that she had disassembled the binder for other purposes but had saved the loose leaf pages. I have agreed to have the Court inspect the redactions in camera.

Allyn Perry's deposition will have to be rescheduled. Judge Lisi advised me that I will be tied up with impanellment until at least noon on Thurs, and then we are meeting to determine which exhibits can be entered jointly as full exhibits for trial. After that, the clerk is going over use of electronic equipment again. Yesterday Judge Lisi moved our trial date to Mon. 11/5. I have a light calendar in December and I'm sure that we will be able to easily agree upon a new date. Noelle

----- Original Message -----
From: "Kraemer, Michael F." <mkraemer@HASLAW.com>
To: "Noelle Clapham" <claphamlaw@verizon.net>
Cc: "Vicki Bejma" <vbejma@smrobinsonlaw.com>; "Horvitz, Matthew P" <mhorvitz@haslaw.com>
Sent: Tuesday, October 30, 2007 8:50 AM
Subject: Bell vs Lubrication Management

Dear Ms. Clapham:

I note that you have redacted certain documents from plaintiff's calendar/diary for 2005 & 2006. Plaintiff was required under the FRCP and by Magistrate Judge Almond's order to produce the entire calendar/diary. I request that you bring the entire original with you on Thursday and I can have my office staff photocopy the entire document, with no redactions.

First of all, I know of no basis under the discovery rules applicable in federal court for a plaintiff to withhold such information on the grounds that it is "personal." Had plaintiff interposed such an objection in a timely fashion, I do not believe that the Court would have sustained the objection. Secondly, since plaintiff is seeking compensatory damages, including emotional distress damages, the potential relevance of these missing pages should be obvious.
Defendants are entitled to explore plaintiff's "personal" situation, to the extent that any emotional distress may have been caused by factors other than the termination of her employment. Also, the missing pages may reveal information relevant to the mitigation of damages issue.
Discovery is allowed broadly where it may lead to the discovery of admissible evidence, and that surely applies here.

Finally, the order entered by the Court does not allow plaintiff's counsel to edit her discovery responses. The time for plaintiff to litigate this issue is past, and she was required by the discovery entered to produce the entire document.

If you choose not to produce this entire original document on Thursday, at the time we take Mr. Perry's deposition in my office, I will file a motion with the Court pursuant to Rule 37, seeking sanctions for this discovery misconduct.

On another subject, I plan to subpoena Deborah Musto's records and notes regarding the plaintiff. Since plaintiff has put her emotional and mental health at issue in this case, this information is properly the subject of discovery. I would prefer to provide Ms. Musto with a written authorization, signed by the plaintiff, as to the release of these documents. If I provide an appropriate authorization, will plaintiff sign it?

Once I have completed my review of the plaintiff's supplemental discovery responses, there

may be more issues and I may be back to you with regard to those.

Michael F. Kraemer
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence RI 02903
401.457.5196
Fax 401.457.5197
mkraemer@haslaw.com