**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MELISSA BELL** | : | |
| **PLAINTIFF** | : | |
| | : | |
| | : | **C.A. No: 07-280 (S)** |
| **v.** | : | |
| | : | |
| **LUBRICATION MANAGEMENT CO., INC. ET AL.** | : | |
| **DEFENDANTS** | : | |

**PLAINTIFF'S RULE 16 STATEMENT**

Plaintiff, Melissa Bell, respectfully submits this statement pursuant to Local Rule 16, and notice of this Court issued October 22, 2007.

**I. DISCOVERY**

The parties are actively engaged in the discovery process. Plaintiff requests six (6) months to complete discovery.

**II. ADR**

Plaintiff prefers a settlement conference with a Magistrate Judge.

**III. ELEMENTS OF PLAINTIFF'S CLAIM**

Plaintiff has filed an Amended Complaint alleging that she was terminated from her employment as Manager at Defendants' Westerly store, an automobile service center, as a result of discrimination in violation of R.I.G.L. § 28-5-7 and § 42-112-1 based upon her gender and pregnancy (Counts I and IV), as well as discrimination based upon her perceived disability as a result of her pregnancy (Counts II and VI). Plaintiff also alleges that she suffered retaliation in violation of R.I.G.L. § 28-5-7 and § 42-112-1 for having opposed said discrimination. (Counts IV and VIII).

The basic elements for Plaintiff's *prima facie* case on both the pregnancy/gender discrimination claims and the disability discrimination claims are roughly the same:

1. Plaintiff is a member of a protected class;
2. Plaintiff was qualified for the position held;
3. Despite the requisite qualifications Plaintiff was terminated; and
4. The position remained open and was ultimately filled by someone with roughly equivalent qualifications to perform substantially the same work.

*See, e.g.,* Central for Behavioral Health v. Barros, 710 A.2d 680 (R.I. 1998); Quiles-Quiles v. Henderson, 439 F.3d 1 (1st Cir. 2006). Once a prima facia case of discrimination is established, a presumption that the employer unlawfully discriminated against the employee arises. The burden of production then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection. If the employer offers such a justification, the presumption created by the employee's prima facie case disappears and the focus shifts back to the employee to demonstrate that the proffered reasons are a mere pretext for discrimination. An employee can establish pretext either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. The employee has the ultimate burden of persuasion; however, the factfinder is permitted to infer the ultimate fact of intentional discrimination. *See* Reeves v. Sanderson Plumbing Prods., Inc. 530 U.S. 133, 120 S.Ct. 2097 (2000).

With respect to her pregnancy and gender, Plaintiff was clearly a member of a protected class. As outlined in her amended complaint, on or about August 11, 2005, Plaintiff informed her supervisor, Defendant Baker, of her pregnancy. With respect to the disability counts, Plaintiff does not state that she was in any way disabled by her pregnancy. To the contrary she

asserts that she was fully capable of performing her essential job duties at all times during the course of her employment with the Defendants, but was perceived as disabled from employment by the Defendants because of her pregnancy. However, discrimination based upon perceived disability is actionable. *See* Quiles-Quiles v. Henderson, 439 F.3d 1 (1st Cir. 2006).

Despite being at all times capable of performing the duties of her position, and also despite the fact that she had always met or exceeded performance expectations, Defendants began a course of discrimination against the Plaintiff based upon her pregnancy and gender. This course of discrimination consisted of remarks directed at Plaintiff regarding her pregnancy, and adverse changes in the terms of conditions of her employment. This course of behavior culminated in her termination of October 13, 2005 – approximately two months after she had informed her employers that she was pregnant. The alleged reason given for her termination was that she had permitted her husband (once an Assistant Manager at Defendants' store) to assist in servicing a vehicle at a time when the store was backed up due to an unexpected staffing problem. Plaintiff asserts that the stated reason was pretextual, in that her husband (and also her stepfather) had assisted at the store on numerous times before, with the approval of Defendants' managerial employees. Furthermore, her termination for such a minor infraction (if indeed it was an infraction of any policy at all), represented a drastic departure from the Defendants' progressive discipline policies. Plaintiff was, on information and belief, replaced by a male.

With respect to the retaliation counts, Plaintiff must establish 1) that she engaged in the conduct protected by R.I.G.L. § 28-5-7 and § 42-112-2; 2) that she suffered adverse employment action; and 3) that there was a causal nexus between the adverse employment action and the protected conduct. *See* Russell v. Enterprise Rent-a-Car Company of Rhode Island, 160 F.Supp.2d 239, 264 (D.R.I. 2001).

Plaintiff's protected activity was preparing a Charge of Discrimination for filing with the Rhode Island Commission for Human Rights. Defendants retaliated against Plaintiff by threatening to file criminal charges against the Plaintiff unless she agreed not to file the Charge and agreed to sign a general release of all claims she may have against the Defendants. Plaintiff chose not to buckle to the bullying of the Defendants, and the Defendants made good on their threats and made every effort to press criminal charges against the Plaintiff. Defendants' efforts were unsuccessful and Plaintiff was never charged criminally.

Respectfully submitted,
PLAINTIFF MELISSA BELL
By her Attorneys,

______________________________
Noelle K. Clapham (5338)
Attorney at Law
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)

______________________________
Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that on November 9, 2007, I sent a true copy of the within by electronic filing to all of the parties below:

Michael F. Kramer, Esq.
Matthew P. Horvitz, Esq.
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

/s/ Vicki J. Bejma