UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MELISSA BELL | : | |
| | : | |
| v. | : | C.A. No.: 07-280 (S) |
| | : | |
| LUBRICATION MANAGEMENT CO., INC. d/b/a Expressway Lube Center, WESTERLY FAST OIL, LLC and DAVID BAKER, Individually and in his capacity as District Manager for Lubrication Management, Inc. | : | |

**PLAINTIFF MELISSA BELL'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Plaintiff Melissa Bell, by and through undersigned counsel, hereby moves for entry of an Order compelling Defendant Lubrication Management Co., Inc. to provide more responsive answers to Interrogatory Nos. 8, 10–12, 14-16, 18-23, and 28 propounded by the Plaintiff to the Defendant on or before May 9, 2007, and states:

**INTERROGATORY NO. 8:** Set forth and fully describe each and every instance in which the Defendant alleges that the Plaintiff's demeanor at work or otherwise was not appropriate, or was unprofessional.

**ANSWER:** Subject to and without waiving defendant's objections, see defendant's response to Request No. 5 of plaintiff's request for production of documents.

**SPECIFIC OBJECTION:** Defendant objects to this Interrogatory on the grounds that it is overly-broad, vague, ambiguous, unduly burdensome, seeks information equally available to the plaintiff, and to the extent it improperly seeks information more properly discovered through the use of other discovery methods.

**FURTHER INFORMATION REQUESTED:** Defendant's response to the above Interrogatory is incomplete because the response references two (2) documents, an email and correspondence, of the identical written complaint of a coworker of Plaintiff and does not express allegations of the Defendant Lubrication Management Co.

Defendant's objections do not apply because the Interrogatory is specific to the fixed period of time Defendant knew Plaintiff, and seeks information not available to the Plaintiff and best known by the Defendant.

**INTERROGATORY NO. 10:** Other than described in response to the above interrogatory, state whether the Defendant ever reached any type of settlement agreement, severance agreement, release, general release or similar agreement with any employee or former employee of Defendant regarding allegations of employment discrimination at any time from 2000 to present. If the answer to this interrogatory is affirmative, provide the names of the signatories to any/all such documents and present and last known addresses and telephone numbers of each such person.

**ANSWER:** See objections.

**SPECIFIC OBJECTION:** Defendant objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, seeks confidential information regarding individuals not parties to this action, and seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

**FURTHER INFORMATION REQUESTED:** Defendant's objections do not apply because the Interrogatory is specific to allegations of employment discrimination, seeks information best available to the Defendant and seeks information of potential witnesses.

**INTERROGATORY NO. 11:** List the names of each and every employee who worked for Defendant during the period of 2000 to present, and set forth for each employee: name, gender, date of birth, present or last known business and home addresses, present and last known business and home telephone numbers, dates of employment with the Defendant, a chronological listing by date of each and each and every position held with the Defendant, a detailed description of the job duties for each such position, any/all reasons for any/all change of position held with Defendant; and, if such employee no longer works for the Defendant indicate whether the employee was terminated, voluntarily quit or was laid off due to lack of work. If the employee was terminated state any/all reasons for the termination.

**ANSWER:** Subject to and without waiving defendant's objections, see defendant response to Request No. 28 of plaintiff's request for production of documents. Defendant's response to Request No. 28 references documents bates-labeled 00056-00067.

- 00056-00060 is hand-labeled as the employee listing for the year 2005. The employee's name, gender, home address, phone number, birth date, hire date, termination date is provided. Handwritten by the name is a notation of the position held.

- 00061-00062 is an employee listing for the years 2006 and 2007, respectively. Only the employee name and hire date is provided.

- 00063-00067 is an employee listing for an unspecified time period. Listed are employee names, hire dates, termination dates, and pay rate.

**SPECIFIC OBJECTION:** Defendant objects to this Interrogatory on the grounds that it is overly-broad, burdensome, seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it improperly requires the defendant to assemble all of its evidence responsive to this Interrogatory in response to a written discovery request.

**FURTHER INFORMATION REQUESTED:** The above response is incomplete in the following:

- For the year 2005 documents provided, Defendant did not provide:
  - § a chronological listing by date of each and every position held with the Defendant, a detailed description of the job duties for each such position, any/all reasons for any/all change of position held with Defendant, and, if such employee no longer works for the Defendant indicate whether the employee was terminated, voluntarily quit or was laid off due to lack of work. If the employee was terminated state any/all reasons for the termination.

- For the year 2006 and 2007 documents, Defendant did not provide:
  - § The gender, date of birth, present or last known business and home addresses, present and last known business and home telephone numbers, dates of employment with the Defendant, a chronological listing by date of each and each and every position held with the Defendant, a detailed description of the job duties for each such position, any/all reasons for any/all change of position held with Defendant; and, if such employee no longer works for the Defendant indicate whether the employee was terminated, voluntarily quit or was laid off due to lack of work. If the employee was terminated state any/all reasons for the termination.

- The documents labeled 00063-00067 do not state for which years they pertain, and are incomplete in the following:

  - § The gender, date of birth, present or last known business and home addresses, present and last known business and home telephone numbers, a chronological listing by date of each and each and every position held with the Defendant, a detailed description of the job duties for each such position, any/all reasons for any/all change of position held with Defendant; and, if such employee no longer works for the Defendant indicate whether the employee was terminated, voluntarily quit or was laid off due to lack of work. If the employee was terminated state any/all reasons for the termination.

- The Defendant did not provide any documents pertaining to the years 2000 through 2005.

Defendant's objections do not apply because the Interrogatory is limited in time period and requests information readily available to the Defendant. This Interrogatory requests information not requested in Plaintiff's Document Production Request.

**<u>INTERROGATORY NO. 12</u>:** Set forth and fully describe each and every policy, procedure and/or practice the Defendant utilized at any time with respect to maternity/pregnancy leave, including the number of weeks allowed and whether such leave is paid or unpaid. If Defendant made any exceptions to any such maternity/pregnancy leave policy, procedure and/or practice described, set forth and fully describe the reason for the exception, the name of the employee the exception was made for, and all related facts giving rise to the exception.

**<u>ANSWER:</u>** Subject to and without waiver of defendant's objections, see defendant's response to Request No. 8 of plaintiff's request for production of documents. Request No. 8 references documents bates-labeled 00002-00028 and 00211-00245.

- 00002-000028 is a print-out of a company policy manual dated February 2002.
- 00211-00245 are copies of faxed Memos.

**<u>SPECIFIC OBJECTION</u>:** Defendant objects to this Interrogatory on the grounds that it is vague, overly-burdensome, and to the extent it improperly purports to require the defendant to assemble all of its evidence responsive to this Interrogatory to a written discovery request.

**<u>FURTHER INFORMATION REQUESTED</u>:** The above response is incomplete because the only company policy manual provided is dated February 2002. This manual does not have a stated maternity/pregnancy leave, only sick or personal leave. The faxed memos do not pertain to maternity/pregnancy leave and are therefore not responsive. Defendant did not provide any policy implemented prior to February 2002, or after, if applicable. Defendant's answer did not provide whether any exceptions to the maternity/pregnancy leave policy were made, did not set forth and fully describe the reason for the exception, the name of the employee the exception was made for, and all related facts giving rise to the exception.

Defendant's objections do not apply because the Interrogatory is specific to a maternity/pregnancy policy, is information readily available to Defendant, and requests information not requested in Plaintiff's Document Production Request.

**<u>INTERROGATORY NO. 14</u>:** Set forth and fully describe each and every duty, operation, function, task, responsibility, authority, prerogative, function and/or obligation performed by and/or assigned to the Plaintiff during Plaintiff's employment with the Defendant and state: the dates for the period in which the Plaintiff held each position, the percentage of Plaintiff's time allocated for the performance of each and every duty on a daily basis, hours and location(s) pertaining to each position. In so doing, identify each and every document defining or describing each and every duty assigned to and/or

performed by the Plaintiff, including, without limitation, every job description, lists of duties, job manuals, procedures manuals, operation manuals or other relevant documents. Further, list by name and date each and every person who at any time directly or indirectly supervised or otherwise monitored the Plaintiff's performance in each separate job title, job position, job duty and/or job assignment performed by the Plaintiff.

**ANSWER:** Subject to and without waiving defendant's objections, defendant responds as follows:

- Cashier – responsible for checking in and billing out customers. Performs clerical and light computer work.
- Store Manager – responsible for operations.

**SPECIFIC OBJECTION:** Defendant objects to this Interrogatory on the grounds it is vague, overly-broad and unduly burdensome, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it improperly requires defendant to assemble all of its evidence responsive to this Interrogatory in response to a written discovery request.

**FURTHER INFORMATION REQUESTED:** Defendant's above response is incomplete in that Defendant did not set forth and fully describe each and every duty, operation, function, task, responsibility, authority, prerogative, function and/or obligation performed by and/or assigned to the Plaintiff during Plaintiff's employment with the Defendant. Defendant did not state the dates for the period in which the Plaintiff held each position, the percentage of Plaintiff's time allocated for the performance of each and every duty on a daily basis, hours and location(s) pertaining to each position. Defendant did not identify each and every document defining or describing each and every duty assigned to and/or performed by the Plaintiff, including, without limitation, every job description, lists of duties, job manuals, procedures manuals, operation manuals or other relevant documents. Defendant did not list by name and date each and every person who at any time directly or indirectly supervised or otherwise monitored the Plaintiff's performance in each separate job title, job position, job duty and/or job assignment performed by the Plaintiff.

Defendant's objections do not apply because the Interrogatory is specific, requests information readily available to Defendant, and pertains to information specific to Plaintiff's claims.

**INTERROGATORY NO. 15:** Identify each and every person, who, at any time subsequent to the Plaintiff's employment with the Defendant performed the duties, functions, tasks, assignments, and/or obligations formerly performed by Plaintiff and set forth and fully specifically describe each and every duty, operation, task, responsibility, authority, prerogative, function and/or obligation performed by and/or assigned to such person(s) and state: position(s)/job title(s) held, the dates for the period in which each position/title was held, the percentage of time allocated for the performance of each and every duty on a daily basis, hours, and location(s) pertaining to each position. In so doing, identify each and every document defining or describing each and every duty

assigned to and/or performed by such person(s), including, without limitation, every job description, lists of duties, job manuals, procedures manuals, operation manuals or other relevant documents. In addition, state: the name, last known address and telephone number of each such person, the official title held by each such person, the dates for the period in which each such person held such position, each and every job function/duty performed, the percentage of time allocated for the performance of each and every duty on a daily basis, and a detailed description of the number of hours worked per week, total salary or hourly wage paid, weekly accounting of any bonus monies paid and a detailed description of any/all fringe benefits provided.

**ANSWER:** Subject to and without waiving defendant's objections, defendant states that Brad D. Sussman, 675 Colonial Ledyard Way, Ledyard, CT, tel # (860) 464-8732, date hired: 11/29/05, filled the plaintiff's former position as store manager at defendant's Westerly business location.

**SPECIFIC OBJECTION:** Defendant objects to this Interrogatory on the grounds it is overly-broad, unduly burdensome, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it improperly requires defendant to assemble all of its evidence responsive to this Interrogatory in response to a written discovery request.

**FURTHER INFORMATION REQUESTED:** Defendant's response to the above interrogatory is incomplete because Defendant did not set forth and fully specifically describe each and every duty, operation, task, responsibility, authority, prerogative, function and/or obligation performed by and/or assigned to Mr. Sussman and state: position(s)/job title(s) held, the dates for the period in which each position/title was held, the percentage of time allocated for the performance of each and every duty on a daily basis, hours, and location(s) pertaining to each position. Defendant did not identify each and every document defining or describing each and every duty assigned to and/or performed by such person(s), including, without limitation, every job description, lists of duties, job manuals, procedures manuals, operation manuals or other relevant documents. Defendant did not state each and every job function/duty performed, the percentage of time allocated for the performance of each and every duty on a daily basis, and a detailed description of the number of hours worked per week, total salary or hourly wage paid, weekly accounting of any bonus monies paid and a detailed description of any/all fringe benefits provided.

Defendant's objections do not apply because the Interrogatory is specific, seeks information available to Defendant, and requests information pertaining to Plaintiff's claims.

**INTERROGATORY NO. 16:** Set forth and fully describe any/all communications David Baker or any other agent of the Defendant had with the Plaintiff regarding her pregnancy. Set forth and fully describe with respect to each such communication: the time, date and place of such communication, the means of communication (i.e. conversation with specific person(s), memorandum etc.) a summary of the content of

such conversations, including but not limited to any changes in Plaintiff's employment with the Defendant as a result of the pregnancy.

**ANSWER:** Subject to and without waiving defendant's objections, defendant states that David Baker had conversations with plaintiff about her pregnancy. In particular, one of these conversations occurred during an interview in or about December 2004. During this interview the plaintiff informed Mr. Baker that she was actively trying to get pregnant.

**SPECIFIC OBJECTION:** Defendant objects to this Interrogatory on the grounds that it is vague, overly-broad, and unduly burdensome, and seeks information equally available to plaintiff.

**FURTHER INFORMATION REQUESTED:** Defendant's above interrogatory response is incomplete because Defendant did not set forth and fully describe any/all communications David Baker or any other agent of the Defendant had with the Plaintiff regarding her pregnancy, in addition to conversation noted in the interview in or about December 2004. Defendant did not set forth and fully describe with respect to each such communication: the time, date and place of such communication, the means of communication (i.e. conversation with specific person(s), memorandum etc.) a summary of the content of such conversations, including but not limited to any changes in Plaintiff's employment with the Defendant as a result of the pregnancy.

Defendant's objections do not apply because the Interrogatory is specific, pertains to information specific to Plaintiff's claims, and requests information readily available to Defendant.

**INTERROGATORY NO. 18:** As to each job position held by the Plaintiff during Plaintiff's employment with Defendant, set forth and fully describe each and every element of compensation, including salary, hourly rate or other basis for compensation, each and every "employee benefit plan" as that term is defined by ERISA, in which the Plaintiff was a participant or beneficiary, and each and every other employee "fringe benefit", however denominated, which the Plaintiff received and/or to which the Plaintiff was entitled or would become entitled had Plaintiff remained in the employ of the Defendant, including without limitation: compensation, pay, salary, fringe benefits, eye care benefits, life insurance benefits, health care benefits, dental care benefits, compensation for not electing any health care benefits, pension benefits, savings plans, thrift plans, profit sharing plans, stock option plans, other forms of deferred compensation, incentive compensation, participation in bonus plans, bonus pay, awards, holiday bonuses, holiday pay benefits, vacations, vacation pay benefits, sick leave, sick leave pay benefits, bereavement leave, bereavement leave pay benefits, leave of absence, etc.

**ANSWER:** See defendant's response to Request No. 24 of plaintiff's request for production of documents. Request No. 24 references documents bates-labeled LM 00039-00055, which is a print-out labeled Daily Employee Hours.

**SPECIFIC OBJECTION**: Defendant objects to this Interrogatory on the grounds it is vague, overly-broad and unduly burdensome, seeks information equally available to plaintiff, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**FURTHER INFORMATION REQUESTED:** Defendant's above interrogatory response is incomplete because Defendant only provided a print-out labeled Daily Employee Hours, of which Plaintiff's daily hours are listed according to each week, and hours exceeding 40 per week are also listed. The print-out begins with the week ending 1/08/05 and Plaintiff's last week listed is the week ending 10/15/05, on LM 00045. Documents labeled 00046-00055 are employee hours for other employees, namely Fenton Reid, Morris Pitt, and Hugo Perez. Defendant did not provide any information regarding compensation, and did not set forth and fully describe each and every element of compensation, including salary, hourly rate or other basis for compensation, each and every "employee benefit plan" as that term is defined by ERISA, in which the Plaintiff was a participant or beneficiary, and each and every other employee "fringe benefit", however denominated, which the Plaintiff received and/or to which the Plaintiff was entitled or would become entitled had Plaintiff remained in the employ of the Defendant, including without limitation: compensation, pay, salary, fringe benefits, eye care benefits, life insurance benefits, health care benefits, dental care benefits, compensation for not electing any health care benefits, pension benefits, savings plans, thrift plans, profit sharing plans, stock option plans, other forms of deferred compensation, incentive compensation, participation in bonus plans, bonus pay, awards, holiday bonuses, holiday pay benefits, vacations, vacation pay benefits, sick leave, sick leave pay benefits, bereavement leave, bereavement leave pay benefits, leave of absence, etc.

Defendant's objections do not apply because the Interrogatory is specific, seeks information readily available to Defendant, and seeks information specific to Plaintiff's claims of damages.

**INTERROGATORY NO. 19:** As to David Baker, state the position that he held with Defendant, and set forth and fully describe each and every element of compensation, including salary, hourly rate or other basis for compensation and each and every "employee benefit plan" as that term is defined by ERISA, in which Mr. Baker was a participant or beneficiary, and each and every other employee "fringe benefit", however denominated, which Baker received and/or to which Baker was entitled during the time period of January 1, 2000 to present, including without limitation: compensation, pay, salary, fringe benefits, eye care benefits, life insurance benefits, health care benefits, dental care benefits, compensation for not electing any health care benefits, pension benefits, savings plans, thrift plans, profit sharing plans, stock option plans, other forms of deferred compensation, incentive compensation, participation in bonus plans, bonus pay, awards, holiday bonuses, holiday pay benefits, vacations, vacation pay benefits, sick leave, sick leave pay benefits, bereavement leave, bereavement leave pay benefits, leave of absence, etc.

**ANSWER:** See objections. David Baker was defendant's district manager.

**SPECIFIC OBJECTION**: Defendant objects to this Interrogatory on the grounds that it is vague, overly-broad, unduly burdensome, and to the extent it seeks information that it not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**FURTHER INFORMATION REQUESTED:** The above interrogatory response is incomplete because Defendant did not set forth and fully describe each and every element of compensation, including salary, hourly rate or other basis for compensation and each and every "employee benefit plan" as that term is defined by ERISA, in which Mr. Baker was a participant or beneficiary, and each and every other employee "fringe benefit", however denominated, which Baker received and/or to which Baker was entitled during the time period of January 1, 2000 to present, including without limitation: compensation, pay, salary, fringe benefits, eye care benefits, life insurance benefits, health care benefits, dental care benefits, compensation for not electing any health care benefits, pension benefits, savings plans, thrift plans, profit sharing plans, stock option plans, other forms of deferred compensation, incentive compensation, participation in bonus plans, bonus pay, awards, holiday bonuses, holiday pay benefits, vacations, vacation pay benefits, sick leave, sick leave pay benefits, bereavement leave, bereavement leave pay benefits, leave of absence, etc.

Defendant's objections do not apply because the Interrogatory is specific, requests information readily available to Defendant, and requests information of importance to Plaintiff's claims.

**INTERROGATORY NO. 20:** Set forth in detail each and every reason why the Defendant terminated Plaintiff's employment, including the name, title and last known contact information of each and every person who participated in any manner in the decision to terminate Plaintiff's employment. State all facts/circumstances and evidence which support or tend to support the reasons for Plaintiff's termination.

**ANSWER:** Defendant terminated Plaintiff's employment after learning that she allowed her non-employee, Powell Bell, to work on a customer's car at the defendant's place of business in Westerly, RI. When Mr. Baker questioned plaintiff about this event, she admitted that she indeed allowed a non-employee to work on a customer's car. Previously, in the Spring of 2005, Mr. Baker instructed the plaintiff not to allow her husband or any other non-employees to work at the defendant's Westerly business location.

Mr. Baker immediately discussed this situation with Steven Chance. Mr. Chance directed Mr. Baker to telephone plaintiff and inform her that her employment was terminated due to the seriousness of this infraction.

**SPECIFIC OBJECTION:** Defendant objects to this Interrogatory on the grounds it is vague, overly-broad, unduly burdensome, seeks information protected by the attorney

work-product doctrine and attorney-client privilege, and to the extent it seeks information more appropriately obtained through other discovery methods.

**<u>FURTHER INFORMATION REQUESTED</u>:** Defendant's above interrogatory response is incomplete because Defendant did not set forth the name, title and last known contact information of each and every person who participated in any manner in the decision to terminate Plaintiff's employment. Defendant did not state all facts/circumstances and evidence which support or tend to support the reasons for Plaintiff's termination.

Defendant's objections do not apply because the Interrogatory is specific and requests information readily available to Defendant.

**<u>INTERROGATORY NO. 21</u>:** If Defendant contends that it has any after acquired evidence that in any way supports or tends to support the termination of Plaintiff's employment subsequent to such termination, please set forth in detail a full explanation of all such facts and evidence.

**<u>ANSWER</u>:** See objections.

**<u>SPECIFIC OBJECTION</u>**: Defendant objects to this Interrogatory on the grounds it is confusing as written and vague, and seeks information protected by the attorney work product doctrine and attorney-client privilege.

**<u>FURTHER INFORMATION REQUESTED</u>:** Defendant's objections do not apply because the Interrogatory is specific and clear as written.

**<u>INTERROGATORY NO. 22</u>:** Set forth and fully describe with specificity any/all communication(s) Defendant had with the Department of Labor and Training (DLT) regarding the Plaintiff's application for unemployment compensation benefits. Include in your answer the name of any person who gave any verbal or written statement(s) to DLT, the date of any such statement given and identify and/all documents forwarded to DLT with respect to Plaintiff's claim.

**<u>ANSWER</u>:** See defendant's response to Request No. 23 of plaintiff's request for production of documents pursuant. Request No. 23 references documents labeled LM 00029-00031, 00033, 00074, 00075, 00092, 00101, 00102, 00104, 00116-00118.

**<u>SPECIFIC OBJECTION</u>**: Defendant objects to this Interrogatory on the grounds it is unduly burdensome and seeks information more properly obtained through other discovery methods.

**<u>FURTHER INFORMATION REQUESTED</u>:** Defendant's above interrogatory response in incomplete in that Defendant did not set include in it's answer the name of any person who gave any verbal statement(s) to DLT and the date of any such statement given.

Defendant's objections do not apply because the information is readily available to the Defendant.

**<u>INTERROGATORY NO. 23</u>:** If Defendant did not appeal any decision by the Department of Labor and Training favorable to the Plaintiff, which allowed the Plaintiff to collect benefits due to termination by Defendant, please state each and every reason why Defendant did not appeal such decision.

**<u>ANSWER</u>:** See objections.

**<u>SPECIFIC OBJECTION</u>**: Defendant objects to this Interrogatory on the grounds it requests information protected by the attorney-client privilege.

**<u>FURTHER INFORMATION REQUESTED</u>:** If Defendant did not appeal any decision by the Department of Labor and Training favorable to the Plaintiff, which allowed the Plaintiff to collect benefits due to termination by Defendant, please state each and every reason why Defendant did not appeal such decision.

**<u>INTERROGATORY NO. 25</u>:** Set forth and fully describe all facts and circumstances and identify all evidence, if any exists, which supports or tends to support Defendant's affirmative defense asserted in answer to Plaintiff's Complaint: "The Complaint failed to state claims against answering defendants upon which relief may be granted."

**<u>ANSWER:</u>** Subject to and without waiving defendant's objections, defendant states that it fired plaintiff for legitimate reasons unrelated to her pregnancy.

**<u>SPECIFIC OBJECTION</u>**: Defendant's attorney has adopted the affirmative defense referred to in this Interrogatory on the basis of information and belief and his own investigation of this case, which is protected by the attorney work product doctrine.

**<u>FURTHER INFORMATION REQUESTED</u>:** Set forth and fully describe all facts and circumstances and identify all evidence, if any exists, which supports or tends to support Defendant's affirmative defense asserted in answer to Plaintiff's Complaint: "The Complaint failed to state claims against answering defendants upon which relief may be granted."

**<u>INTERROGATORY NO. 26</u>:** Set forth and fully describe all facts and circumstances and identify all evidence, if any exists, which supports or tends to support Defendant's affirmative defense asserted in answer to Plaintiff's Complaint: "Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative and statutory remedies."

**<u>ANSWER:</u>** Defendant objects to this interrogatory on the grounds it exceeds the number of interrogatories Fed. R. Civ. P. 33(a) permits. The statute of limitations applicable to the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 *et seq.*, required plaintiff to file suit within one year of her termination.

**<u>SPECIFIC OBJECTION</u>**: Defendant's attorney has adopted the affirmative defense referred to in this Interrogatory on the basis of information and belief and his own investigation of this case, which is protected by the attorney work product doctrine.

**<u>FURTHER INFORMATION REQUESTED</u>:** Defendant was served with Interrogatories prior to removing this action to Federal Court. Accordingly, Plaintiff requests that Defendant be ordered to answer all discovery pursuant to the Superior Court Rules of Civil Procedure.

**<u>INTERROGATORY NO. 27</u>:** Set forth and fully describe all facts and circumstances and identify all evidence, if any exists, which supports or tends to support Defendant's affirmative defense asserted in answer to Plaintiff's Complaint: "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations."

**<u>ANSWER</u>:** Defendant objects to this interrogatory on the grounds it exceeds the number of interrogatories Fed. R. Civ. P. 33(a) permits. Defendant incorporates its response to Interrogatory No. 26, ***supra***.

**<u>SPECIFIC OBJECTION</u>:** Defendant's attorney has adopted the affirmative defense referred to in this Interrogatory on the basis of information and belief and his own investigation of this case, which is protected by the attorney work product doctrine.

**<u>FURTHER INFORMATION REQUESTED</u>:** Defendant was served with Interrogatories prior to removing this action to Federal Court. Accordingly, Plaintiff requests that Defendant be ordered to answer all discovery pursuant to the Superior Court Rules of Civil Procedure.

**<u>INTERROGATORY NO. 28</u>:** Set forth and fully describe all facts and circumstances and identify all evidence, if any exists, which supports or tends to support Defendant's affirmative defense asserted in answer to Plaintiff's Complaint: "Plaintiff has failed to mitigate her damages."

**<u>ANSWER</u>:** Defendant objects to this interrogatory on the grounds that it exceeds the number of interrogatories Fed. R. Civ. P. 33(a) permits. See plaintiff's interrogatory answers.

**<u>SPECIFIC OBJECTION</u>**: Defendant's attorney has adopted the affirmative defense referred to in this Interrogatory on the basis of information and belief and his own investigation of this case, which is protected by the attorney work product doctrine.

**<u>FURTHER INFORMATION REQUESTED</u>:** Defendant was served with Interrogatories prior to removing this action to Federal Court. Accordingly, Plaintiff requests that Defendant be ordered to answer all discovery pursuant to the Superior Court Rules of Civil Procedure.

## GOOD FAITH

Prior to filing the within motion, Plaintiff made a good faith effort to resolve this matter.

/s/ Noelle Clapham

Respectfully submitted,
MELISSA BELL
By her Attorney

/s/ Noelle Clapham
Noelle K. Clapham (5338)
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2007, I electronically filed the within document with this Court and served it upon counsel of record: Michael F. Kraemer, Esquire, Matthew P. Horvitz, Esquire, Hinckley, Allen & Snyder, LLP, 50 Kennedy Plaza, Suite 1500, Providence, RI 02903, in accordance with the electronic filing requirements of the United States District Court, District of Rhode Island.

/s/ Vicki J. Bejma