**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MELISSA BELL** | : | |
| **PLAINTIFF** | : | |
| | : | |
| | : | **C.A. No: 07-280 (S)** |
| **v.** | : | |
| | : | |
| **LUBRICATION MANAGEMENT CO.,** | : | |
| **INC. ET AL.** | : | |
| **DEFENDANTS** | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

Now comes the Plaintiff, and hereby objects to Defendants' Motion for Sanctions. In support of her Objection, Plaintiff relies upon her Memorandum, attached hereto and made a part hereof.

Respectfully submitted,
PLAINTIFF MELISSA BELL
By her Attorneys,

/s/ Noelle K. Clapham
Noelle K. Clapham (5338)
Attorney at Law
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)

/s/ Vicki J. Bejma
Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that on November 26, 2007, I sent a true copy of the within by electronic filing to all of the parties below:

Michael F. Kramer, Esq.
Matthew P. Horvitz, Esq.
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

/s/ Vicki J. Bejma

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MELISSA BELL** | : | |
| **PLAINTIFF** | : | |
| | : | |
| | : | **C.A. No: 07-280 (S)** |
| **v.** | : | |
| | : | |
| **LUBRICATION MANAGEMENT CO.,** | : | |
| **INC. ET AL.** | : | |
| **DEFENDANTS** | : | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

## I. INTRODUCTION

This matter comes before this Honorable Court on Defendants' Motion for Sanctions for Plaintiff's alleged failure to comply with this Court's October 9, 2007 Text Order granting Defendants' Motion for More Responsive Answers to Discovery. In response to that October 9, 2007 Order, the Plaintiff had supplied the Defendants with her supplemental answers on or about October 24, 2007. The Defendants apparently have no issue with any of the Plaintiff's supplemental answers save for Plaintiff's supplemental response to Defendants' Request for Production #5, that is, a black appointment book/calendar that Plaintiff had maintained. The Defendants complain that the Plaintiff redacted portions of that document that were not responsive to the Defendants' discovery request, and now seek sanctions for what they perceive as a failure to provide a responsive answer.

A close review of this matter demonstrates that the Defendants in fact have received a responsive answer to Request for Production #5 in compliance with this Court's Order. Instead,

the Defendants apparently seek to re-write the Request after the fact to make it far broader than the original. Accordingly, sanctions should not be awarded to the Defendants.

## II. LEGAL ARGUMENT

In order to sustain a Motion for Sanctions under Rule 37(b)(2) for violating a discovery order, there of course first must be a sufficiently explicit discovery order. *See* R.W. Internat'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 16-17 (1st Cir. 1991). No such explicit order covering this situation existed. Instead, the Defendants mischaracterize the nature of their Motion for More Responsive Answers, and the nature of this Court's Order granting that Motion. Contrary to the Defendants' suggestions, at no point has this Court *ever* directed that the Plaintiff produce the entire appointment book/calendar. For that matter, the Defendants never asked for it, either in their original discovery request or the Motion for More Responsive Answers.

The request for production in question read as follows:

> *5.* Any notes, diaries, notebooks, or other writings *relating to your employment with the defendant or termination of that employment.*

(Emphasis added.)

The Plaintiff's initial response was as follows:

> OBJECTION: Plaintiff objects to the extent that the Request seeks privileged attorney client communications and/or privileged attorney work product.
>
> ANSWER: Plaintiff states see documents labeled 0044-0058 produced herewith. Plaintiff further states that she has a black appointment book/calendar that she will make available for inspection.

At the time of the initial response, Plaintiff, although aware that she had the black appointment book/calendar in her possession, was unable to locate it. In any case, her answer never specifically promised she would produce the entire book, regardless of whether the writings therein were relevant or not. When Defendants moved for more responsive answers,

they complained that she did not actually produce the book in question. It is significant to note here that the Defendants at no time demanded that the entire book be produced. Furthermore, when this Court granted Defendants' Motion for More Responsive Answers, there was no specific order to produce the entire book.

The Plaintiff's supplemental response to Request #5 consisted of said book. However, by this time, she had had the opportunity to review said document, and realized that it contained a great amount of information that did not have anything to do with her employment by the Defendants and/or her termination therefrom. Accordingly, she produced the book, but with the portions thereof that did not pertain to her employment or termination.

The redaction of the portions of said book did not in any way violate the order to produce a more responsive request to Request #5. The Defendants' discovery request simply did not encompass those portions of the black appointment book not ". . . relating to [Plaintiff's] employment with the defendant or the termination of that employment." The Court's Order did not make any specific requirement that the Plaintiff produce anything that was not responsive to Request #5. For that reason, Defendants can hardly claim that Plaintiff should be sanctioned for not having been given that portion of the black appointment book that did not pertain to matters outside of Plaintiff's employment or the termination thereof. Furthermore, Defendants cannot claim that the Plaintiff waived any "objection" to producing the matters contained within the book that did not pertain to the employment or termination thereof. Given that the Defendants did not ask for such information, Plaintiff hardly needed to object to providing it.

In summary, Defendants' call for sanctions is unwarranted at this time. What Defendants apparently want is to have the Plaintiff punished for Defendants' failure to draft discovery requests in a manner satisfactory to the Defendants. The fact that the Defendants may regret the

manner in which they drafted their request for discovery, however, does not support a motion for sanctions. Defendants would have better devoted their energies towards drafting another request for production.[1]

## III. CONCLUSION

For the above-referenced reasons, Defendants' Motion for Sanctions should be DENIED.

Respectfully submitted,
PLAINTIFF MELISSA BELL
By her Attorneys,

/s/ Noelle K. Clapham
Noelle K. Clapham (5338)
Attorney at Law
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)

/s/ Vicki J. Bejma
Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that on November 26, 2007, I sent a true copy of the within by electronic filing to all of the parties below:

Michael F. Kramer, Esq.
Matthew P. Horvitz, Esq.
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

[1] In fact, as Defendants' Exhibit B demonstrates, by e-mail dated October 30, 2007, Plaintiff's counsel specifically informed Defendants' counsel that the redacted items were not responsive to the Defendants' request, and offered the opportunity for *in camera* review.

/s/ Vicki J. Bejma